GEORGE C. OLLIS, BY NEXT FRIEND, v. HOUSTON EAST & WEST
TEXAS RAILWAY COMPANY.

Decided March 13, 1903.

**1.—Railroads—Personal Injury to Child—Contributory Negligence—License.**

A child of six years is too young to be chargeable with contributory negligence in going upon cars in a railroad yard habitually used by the children of the neighborhood as a playground, nor is it necessary, in order to charge the railway company with negligence, that the child should be on the premises as a licensee.

**2.—Same—Avoidance of Injury—Ordinary Care.**

Where children habitually played in and about a switch yard and the care therein, with the knowledge and acquiescence of the railway company and its employes, it was the duty of such employes in the movement of the cars, to use ordinary care to discover the presence of a child there and to avoid injuring him.

Appeal from the District Court of Harris.   Tried below before Hon. Charles E. Ashe.

*John G. Tod* and *Ewing & Ring,* for appellant.

*Baker, Botts, Baker & Lovett* and *J. S. McEachin,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought in the District Court of Harris County for the Eleventh Judicial District by George C. Ollis, a minor, by his father Tolmin T. Ollis, as next friend, to recover damages of the Houston East & West Texas Railway Company for personal injuries.   A general demurrer to the petition was sustained by the trial court, and judgment was rendered in favor of the defendant, from which the plaintiff has appealed.   It appeared from the petition that the plaintiff was a minor, six years of age, and that while he was at play with other children upon the cars of the defendant in its switch yard at Houston the defendant caused other cars to be run into the yard and struck a car upon which the plaintiff was playng, and plaintiff was thrown off and received injuries which resulted in the loss of his right arm.   It was alleged that at the time of the casualty, and for several months before the happening thereof, the defendant had kept cars both loaded and empty on its switch tracks and right of way.   The petition also alleged:

"That said right of way and premises, at the time of the casualty and during the period aforesaid, were in a thickly settled and populous neighborhood, practically a part of the city, though out of its limits, and in such neighborhood there were numerous children; and during the period aforesaid, the children generally of said neighborhood habitually, constantly and notoriously made their playground on said right of way and premises, and in, about and on said cars so left standing thereon, as aforesaid, without objection from said defendant or its agents or employes in that behalf, and with its and their knowledge and acquiescence,

as also with its and their permission, and under circumstances reasonably justifying and calculated to induce such children in believing, and acting on the belief, that their presence on such premises in manner aforesaid was permitted by defendant, as well as its agents and servants in that behalf."

The petition showed by proper allegations that if the defendant owed the plaintiff the duty of lookout to discover his presence, the cars were run against and struck under such circumstances as to show negligence on the part of the defendant's employes.

This case does not come within the principle of the turntable cases, by which there is an implied invitation by the defendant to the injured person to come upon the premises; nor does it come strictly within the rule showing that the plaintiff was upon the premises of the defendant as a licensee. But taking the allegations in the petition as true, the switch yard was commonly used by the children of the neighborhood as a playground, and they were constantly in and about the cars standing on the tracks, without objection from the defendant or its agents or employes, and with their knowledge and acquiescence. Such being the case, it was the duty of the employes of the defendant to use ordinary care to discover the presence of the children and to avoid inflicting injury upon them. Gulf, C. & S. F. Railway Co. v. Smith, 87 Texas, 348; Railway v. Crosnoe, 72 Texas, 79; St. Louis S. W. Ralway Co. v. Shifflet, 56 S. W. Rep., 698, 94 Texas, 131; Railway v. Watkins, 88 Texas, 20.

The facts alleged in the petition show that the plaintiff can not be charged with negligence for being on the car in the switch yard of the defendant. If not there as a licensee, he was too young to know the danger of his position. It is not necessary in order to hold the defendant liable for negligence in injuring the plaintiff that the facts should show that he was on the premises under a license from the defendant, although, as we think, they are sufficient. The defendant's liability may be rested on the broader ground that it was its duty to use ordinary care to discover the presence of the plaintiff upon the car, facts having been alleged that tend to show that its employes knew of his probable presence. Railway v. Sympkins, 54 Texas, 615; Railway v. Shifflet, supra. If the plaintiff had entered the yard and gone upon a car and turned a brake and started the car and got hurt, the doctrine of the turntable cases would have been presented; but such was not the case alleged. The facts stated in the petition show that he was in the yard and on the car with knowledge on the part of the defendant's employes that he was probably there, and that, knowing his probable presence, they ran an engine in upon the track and struck the car upon which he was, without using any care to ascertain whether or not he was present. The cases make a distinction between mere passive negligence and liability therefor arising out of a condition, and active negligence in doing a present act without the exercise of due care. We deem it unnecessary to say more or to cite further authorities.

We commend the briefs of counsel on both sides of this case for an

able discussion of the question and a full citation of the cases relied on by them. The plaintiff's petition shows a cause of action, and the court below erred in sustaining the defendant's demurrer. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

The defendant's motion for a rehearing will be overruled. In the opinion it was stated that the case does not "come strictly within the rule showing that the plaintiff was upon the premises of the defendant as a licensee," while it was also stated that "it is not necessary, in order to hold defendant liable for negligence in injuring the plaintiff, that the facts should show he was on the premises under a license from the defendant, although we think they are sufficient." There is perhaps some discrepancy in these statements. The court is of the opinion that the facts alleged in the petition are sufficient to show an implied license to the plaintiff to be on the premises.

The petition, as quoted in the opinion, not only alleged that "the children generally of said neighborhood habitually, constantly and notoriously made their playground on said right of way and premises, and in, about and on said cars so left standing thereon, as aforesaid, without objection from said defendant or its agents or employes in that behalf, and with its and their knowledge and acquiescence," but continued, "as also with its and their permission, and under circumstances reasonably justifying and calculated to induce such children in believing, and acting on the belief, that their presence on such premises aforesaid was permitted by defendant, as well as its agents and servants in that behalf."

We are of the opinion, however, that even if the petition should not bring the plaintiff clearly within the rule of a licensee upon the premises, still it shows that he was there with the knowledge on the part of the defendant of such circumstances as would create the duty on its part to look out and discover his presence and avoid injuring him. Overruled.

*Overruled.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.