Pecos & Northern Texas Railway Company v.
Nannie Bowman.

Decided December 19, 1903.

**1.—Railroads—Personal Injury—Public Road.**

Where plaintiff's team, while she was driving along a road, were frightened by a car negligently left in an unusual position near a crossing, it was immaterial, as to the liability of the defendant railway company, that the road had never been established as a public road by the commissioners court nor became such by dedication or prescription, where it had become public by long continued use with the knowledge and consent of the company.

**2.—Same—Contributory Negligence.**

Nor did the fact that plaintiff might have reached her destination by a different route and over a legally established public road affect the defendant's liability.

**3.—Pleading and Proof—Personal Injuries—Value of Services.**

Where in an action for personal injuries plaintiff's petition did not specifically allege the value per month of her services before the injury, but did show that they had been valuable, and that the injury had permanently disabled her, and claimed damages for permanent inability to perform future labor, this was sufficient to admit evidence, over objection, of the value per month of her services before the injury, there being no exception to the pleading because of the failure to specifically allege the value of such services.

Appeal from the District Court of Deaf Smith. Tried below before Hon. Ira Webster.

*J. W. Terry* and *Browning, Madden & Trulove,* for appellant.

*Witherspoon & Gough* and *Turner & Boyce,* for appellee.

STEPHENS, Associate Justice.—June 18, 1901, as appellee was approaching the town of Hereford, Texas, traveling in a vehicle drawn by two horses along a public road near appellant's railway track, her team, taking fright at a stock car in an unusual position—one end being off the track and in the road—ran away and threw her out, from which she sustained personal and other injuries. The verdict in her favor for damages in the sum of $1125 as compensation for these injuries was warranted by the evidence, both as to the ground and amount of recovery, and we therefore find the facts to be substantially as alleged in her petition.

Liability is, however, stoutly denied by appellant because the road appellee was traveling ran across land owned by appellant and had never been established as a public road by the Commissioners Court of Deaf Smith County, by dedication or by prescription. But, while this is true, it had become public by long continued use with the knowledge and consent of appellant, if not by its invitation, which was sufficient to impose on appellant the duty of taking a reasonable degree of care for the safety of persons permitted to travel and known to be traveling such road. This road crossed appellant's railway track near the place of the accident, and the evidence tended to show that a suitable crossing had

been made there by appellant, or at least by its consent. The further contention that appellee was not entitled to recover because she might have reached her destination by a different route and over a legally established public road is equally untenable. The law covering the issues of liability raised by the pleadings and evidence was correctly and sufficiently submitted in the charge of the court, including the special charges given at the request of appellant, and there was no error in refusing the other special charges.

The only assignment of error which seems to require discussion is the thirteenth in the brief, reading: "The court erred in admitting evidence for plaintiff, over defendant's objections, as to the reasonable value of plaintiff's services, because there are no allegations in plaintiff's pleadings as to such reasonable value, as is fully complained of in defendant's bill of exceptions number 1; and further erred in overruling defendant's motion for a new trial because of such error." While the petition did not specifically allege the value per month of appellee's services before the injury, which she was permitted over objection to prove, it did show by the facts alleged that the same had been valuable, and that the injury had permanently disabled her, and claimed damages in the gross sum of $3000 to compensate her for "physical pain and mental anguish and permanent injuries to said (her) side and wrist, and permanent inability to perform future labor." The petition, which gave a few items of expense and other loss, was not excepted to for not fully itemizing the sum sued for, or for not specifically alleging the value of appellee's services before she was injured. The assignment is therefore overruled.

The judgment is affirmed.

*Affirmed.*