FORT WORTH & RIO GRANDE RAILWAY COMPANY v. B. W. MORRIS.

Decided March 23, 1907.

**1.—Railways—Frightened Horse—Personal Injuries—Proximate Cause.**

In a suit against a railroad company for personal injuries caused by a horse becoming frightened at a car partially obstructing a street in a town, and running away, evidence considered, and held sufficient to justify the jury in finding that the defendant company was guilty of negligence in leaving the car in the street; that such negligence was the proximate cause of the runaway, and that plaintiff was not guilty of contributory negligence in driving a wild horse, or in supposing he could control the horse after it became frightened.

**2.—Contributory Negligence—Burden of Proof—Charge.**

On the issue of contributory negligence, a charge to the effect that unless contributory negligence is made to appear from the evidence of the plaintiff the burden is on the defendant to establish the same, held correct.

**3.—Damages—Double Recovery—Charge Condemned.**

In a suit for personal injuries a charge which authorized a recovery for the time plaintiff was confined and unable to work and also for his diminished capacity to earn money, without limiting the latter to the time succeeding the period of confinement, is erroneous as allowing a double recovery.

**4.—Expenses—Proof of Value.**

In a suit for personal injuries it is error to allow a recovery for expenses in the absence of proof of their reasonable value.

Appeal from the District Court of Hood County. Tried below before Hon. W. J. Oxford.

*C. H. Yoakum, West, Chapman & West* and *Theodore Mack,* for appellant.—Where plaintiff was attempting to drive a horse and vehicle in which he was riding through an opening on a public crossing, left by freight cars, partially obstructing the crossing, and the undisputed evidence shows that plaintiff saw the obstruction and relative position and the condition of the cars and knew that his animal had just previous thereto become frightened thereat, rebelled and refused to be driven through, and then again persisted in attempting to force his obstreperous animal through the crossing opening, and the animal balked, rebelled and became frightened thereat, the voluntary, independent act upon plaintiff's part in persisting in forcing his animal through the crossing under the circumstances becomes a proximate cause of such injuries as result from the fright of the horse, and recovery of damages should therefore be denied for any injuries thus sustained. Texas & P. Ry. Co. v. Bigham, 90 Texas, 223; Brandon v. Gulf City Mfg. Co., 51 Texas, 121; Neely v. Ft. Worth & R. G. Ry., 96 Texas, 274; Seale v. Gulf, C. & S. F. Ry., 65 Texas, 274, 278; Texas & P. Ry. v. Doherty, 4 Texas App. Civ., 231; Kelly v. Texas & P. Ry., 97 Texas, 619; De la Pena v. International & G. N. Ry., 74 S. W. Rep., 58; Milwaukee & St. P. Ry. v. Kellogg, 94 U. S., 469, L. Ed., book 24, p. 256; Cole v. German Savings Society, 63 L. R. A., 416; Smith v. County Ct. of Kanawha, 8 L. R. A., 82.

Since plaintiff's own act in trying to force his animal through the opening was obviously and incontrovertably fraught with danger, and plaintiff made no exertion to avoid it, but either recklessly or consciously encountered a known danger, he took the chance of escaping injury, and it matters not whether his act be denominated contributory negligence or voluntarily encountering a known danger, he is nevertheless not entitled to recover. Ft. Worth & R. G. Ry. v. Robinson, 37 Texas Civ. App., 465; 99 Texas, 110; 1 Thompson Com. Law of Neg., sec. 187; Beach on Cont. Neg. (2d ed.), sec. 9; Wheat v. City of St. Louis, 64 L. R. A., 292; Flagg v. Chicago, etc., Ry. Co. (Mich.), 55 N. W. Rep., 444; Schoenfeld v. Milwaukee City Ry., 74 Wis., 433 (43 N. W. Rep., 162); Lake Shore & M. S. Ry. v. Pinchin, 112 Ind., 592; Gosport v. Evans, 112 Ind., 133.

A defendant, even though it be a corporation, is not required to reasonably anticipate or foresee more than a plaintiff of mature years is. Hence if plaintiff could not reasonably have anticipated, in the exercise of ordinary prudence, that a frightened, skittish animal would rebel at an object he didn't like and run away, etc., then the defendant should not in the nature of things be expected to anticipate and foresee that an injury might result from its mere passive negligence in leaving a car in the street. Texas & P. Ry. Co. v. Shoemaker, 98 Texas, 451; Hughes v. Louisville & N. Ry. (Ky.), 67 S. W. Rep., 984; Pittsburgh So. Ry. v. Taylor, 104 Penn. St., 306, 49 Am. Rep., 580.

A charge to the jury in a personal injury suit which authorizes the jury to award damages for the reasonable value of plaintiff's services during the time he was confined to his bed, and also at a compensatory sum for his diminished capacity to earn money, both relating to damages already accrued, is a license to award double damages, calculated to

confuse and mislead the jury and to increase the amount of the recovery beyond the amount to which plaintiff is fairly entitled. International & G. N. Ry. v. Butcher, 98 Texas, 462; Texas Cent. Ry. v. Brock, 88 Texas, 310; Missouri, K. & T. Ry. v. Hannig, 91 Texas, 347; Texas Brewing Co. v. Dickey, 20 Texas Civ. App., 606; St. Louis S. W. Ry. v. Smith, 63 S. W. Rep., 1064; St. Louis S. W. Ry. v. Highnote, 74 S. W. Rep., 920; International & G. N. Ry. v. Startz, 37 Texas Civ. App., 51; Red River & T. S. Ry. v. Hughes, 36 Texas Civ. App., 472.

It is error to charge that the jury may award plaintiff the sum expended for drug bills, without limiting the amount to the reasonable value of the drugs and medicines necessarily used, the evidence not disclosing that the amount incurred for drugs was reasonable. Dallas Cons. El. St. Ry. Co. v. McAllister, 90 S. W. Rep., 933; Northern Texas Traction Co. v. Jamison, 85 S. W. Rep., 305.

The court erred in the following paragraph of its charge to the jury: "And on the issue of contributory negligence you are instructed that unless contributory negligence is made to appear from the evidence of plaintiff and his witnesses, the burden is on the defendant to establish the defense of contributory negligence." Texas & Pac. Ry. v. Geiger, 79 Texas, 13; Western U. Tel. Co. v. Bennett, 1 Texas Civ. App., 560; Texas & N. O. Ry. v. Syfan, 43 S. W. Rep., 551; Texas & Pac. Ry. v. Reed, 88 Texas, 447; Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629; Houston & T. C. Ry. v. Anglin, 89 S. W. Rep., 967; Gulf, C. & S. F. Ry. v. Howard, 96 Texas, 582.

Where plaintiff's evidence makes it necessary to explain his conduct to exculpate him from the charge of contributory negligence, it is improper for the court to charge that the burden of proof is upon defendant to establish the defense of contributory negligence, because such a charge is calculated to lead the jury to believe that they should consider alone the evidence offered by the defendant upon that issue. Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629; Texas & Pac. Ry. v. Reed, 88 Texas, 447.

If persons are bound to guard against frightening skittish, vicious, timid and easily frightened horses, it will not be possible to state any limit of precaution which will be a protection against liability, because the frightening of a horse is a thing that can not be anticipated and is governed by no known rules. Hence, unless the object at which the horse takes fright is so unusual or extraordinary as to have natural tendency to frighten horses of ordinary gentleness or training, no liability exists. Missouri, K. & T. Ry. v. Jones, 13 Texas Civ. App., 377; Sherman, S. & S. Ry. Co. v. Bridges, 16 Texas Civ. App., 67: Hargis v. St. Louis, A. & T. Ry., 75 Texas, 19; Piollet v. Simmers, 106 Pa. St., 95, 51 Am. Rep., 496, 500; Pittsburgh So. Ry. v. Taylor, 104 Pa. St., 306, 49 Am. Rep., 580; Macomber v. Nichols, 22 Am. Rep., 526, 34 Mich., 212; Kyne v. Wilmington & N. Ry., 14 Atl. Rep., 922; Ohio & M. Ry. v. Trowbridge, 126 Ind., 391, 26 N. E. Rep., 64; Beaumont Pasture Co. v. Sabine, etc., Ry., 41 S. W. Rep., 190; Patterson Ry. Acc. Law, sec. 148; Gulf, C. & S. F. Ry. Co. v. Johnson, 98 Texas, 79; St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 488.

*Lon Morris, H. D. Payne* and *Jno. J. Hiner,* for appellee.—While the

right and privilege is extended a railway company to construct their tracks across public streets and roads, yet the right of the public in the highway and street for the purpose of travel is paramount to the right or convenience of the companies for any other purpose than that of transit. 2 Thompson on Neg., 2d ed., sec. 1350; 18 L. R. A., 154.

The act of appellee in coaxing his animal onto said crossing after she had become frightened and in trying to get her to go into the opening between the cars, was not such independent act upon his part as to constitute same the proximate cause of the injury, nor such as to preclude the jury from passing upon the question as to whether or not, under all the circumstances, he acted as an ordinarily prudent person would have acted. Chicago & N. W. Ry. Co. v. Prescott, 59 Fed. Rep., 237; Sherman S. & S. Ry. Co. v. Bridges, 16 Texas Civ. App., 64; Missouri, K. & T. Ry. Co. v. Jones, 13 Texas Civ. App., 376.

Before the appellee could be precluded from a recovery herein on the ground that he encountered a known danger, the proof must show that he knew that it was dangerous to attempt to make the crossing under the conditions that presented themselves to him and that in so doing he acted recklessly and in disregard for his own safety and not as an ordinarily prudent person would have acted, all of which were questions to be passed upon by the jury. 1 Thompson Neg., (2d ed.), sec. 188; Houston & T. C. Ry. Co. v. Dunn, 42 S. W. Rep., 250.

The doctrine of voluntary assumption of risks and encountering a known danger, does not apply to the case of one who exercises ordinary care in attempting to pass cars which wrongfully obstruct most of the street. Chicago & N. W. Ry. Co. v. Prescott, 59 Fed. Rep., 237, and cases cited therein to sustain reasoning of court; 1 Thompson on Neg., sec. 188 (2d. ed.).

Whether in any given case the act charged was negligent, and whether the injury suffered was, within the relation of cause and effect, legally attributable to it, are questions for the jury. Eames v. Texas & N. O. Ry. Co., 63 Texas, 665; Texas & Pac. Ry. Co. v. Reed, 88 Texas, 439; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 56; Jones v. George, 61 Texas, 353; Fent v. Toledo, P. & W. Ry., 59 Ill., 349; Gonzales v. City of Galveston, 84 Texas, 3; Texas & Pac. Ry. Co. v. Garcia, 62 Texas, 290; Gulf, C. & S. F. Ry. Co. v. Casscamp, 69 Texas, 547; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 166; Texas Mid. Ry. Co. v. Johnson, 65 S. W. Rep., 388; 2 Thompson on Neg., sec. 1915 (2d ed.); Chicago & N. W. Ry. Co. v. Prescott, 59 Fed. Rep., 237; Missouri, K. & T. Ry. Co. v. Jones, 13 Texas Civ. App., 377; Sherman S. & S. Ry. Co. v. Bridges, 16 Texas Civ. App., 67; Houston & T. C. Ry. Co. v. Abrahams, 40 S. W. Rep., 1034; St. Louis & S. W. Ry. Co. v. Gill, 55 S. W. Rep., 387; Texas Mid. Ry. Co. v. Cardwell, 67 S. W. Rep., 158.

That the charge complained of is not such a charge as would confuse the jury as to the amount of damages that the plaintiff would be entitled to recover thereunder, and is not such as would authorize, or under which the jury could award, double damages. Knittel v. Schmidt, 16 Texas Civ. App., 10; Galveston, H. & S. A. Ry. Co. v. Waldo, 32 S. W. Rep., 783; San Antonio & A. P. Ry. Co. v. Weigers, 22 Texas Civ. App., 348; Texas Cent. Ry. Co. v. Brock, 30 S. W. Rep., 277; Missouri, K. & T. Ry.

Co. v. McGlamory, 34 S. W. Rep., 361; Central Texas Ry. Co. v. Luther, 74 S. W. Rep., 589.

STEPHENS, Associate Justice.—On the last day of January, 1905, in the town of Granbury, appellee was seriously injured in a runaway accident, and in September following brought suit for damages against appellant, which resulted, April 19, 1906, in a verdict and judgment in his favor for five thousand dollars, from which this appeal is prosecuted. Appellant was held liable for the accident because of its negligence in partially obstructing Crockett Street in said town with one of its box cars, which so frightened the animal appellee was driving—a mare—as to cause her to run away. In the effort to save himself appellee jumped from the buggy in which he was riding and sustained the injuries complained of. Crockett Street was fifty feet wide and the car extended out into the street about two thirds of its width, but left a space between it and the cars on the opposite side of the street wide enough for two buggies to pass. Appellee was driving along this street toward the railway crossing, expecting to pass through this opening between the cars, and when he reached the first track, which was about twenty feet from the one on which the car stood in the street, he saw that his mare did not like the situation and, to use his own language, "turned her clear around," and "headed her right into the opening." As others saw it, the mare at this point whirled around and after being brought back facing the opening and urged forward whirled again and ran off. Appellee thus describes what occurred when he reached the crossing:

"The animal was going right towards the end of this car and when she got right close up to the track she didn't want to go, she wanted to go to the right and I let her do so and turned her right around and brought her back facing that opening and then my recollection is I stopped her and coaxed her then and she walked right along until she crossed the first track and there is where she stopped. She was up pretty close to the car when she got scared, the buggy was up across the first track but I can not say whether the hind wheels were over or not. The front wheels and the animal were over and when she turned she swayed a little to the left and then she just fell right back and wheeled to the right and I think the fore wheel of the buggy caught in the track there in a kind of a cramp."

The head of the mare was then from five to ten feet from the opening. Appellee had been driving the mare about a month and considered her gentle and thought he could control her and go safely through the opening, as others were doing, although he admitted that on a former occasion, when there was no car in the street, a section hand had led her across the railway tracks at this point, though appellee did not consider it necessary, and on that morning that she had shied at a woman with an umbrella. According to the testimony of the former owner of the mare she was entirely gentle and safe and had been so represented to appellee when he bought her, about one month prior to the accident. By traveling Houston Street, which is the next street west of Crockett and which is also crossed by the railway, appellee would not have encountered any obstructions at the crossing there. Indeed, he had just left this street and gone across to Crockett Street, coming into it at or

near the crossing, which, however, was the usual course for the journey he was then making.

The main contention of appellant is that the court should have instructed a verdict in its favor because of appellee's effort to force his mâre through the opening between the cars after he saw that she had become frightened, which is put forward as the proximate cause of the injury instead of its negligence in leaving the car in the street.    But we do not so interpret the law of proximate cause.    At all events, no such application of it was made in the following analogous cases: Sherman S. & S. Ry. v. Bridges, 16 Texas Civ. App., 67; Pecos & N. T. Ry. Co. v. Bowman, 78 S. W. Rep., 22; Missouri, K. & T. Ry. v. Jones, 13 Texas Civ. App., 377.    For an interesting discussion of the question, see Chicago & N. W. Ry. Co. v. Prescott, 59 Fed. Rep., 237.    See, also, the lucid opinion of Chief Justice Gaines in Texas & P. Ry. Co. v. Bigham, 90 Texas, 223, though it has always seemed to us that the principle so well treated in that opinion was misapplied in that particular case.    We will not undertake to reproduce the discussions contained in the opinions cited, but will notice briefly the feature of this case so persistently urged by appellant, namely, that appellee in trying to force his mare through the opening between the cars after she became frightened voluntarily encountered known danger and took the chance of escaping injury.    One answer to this is that the evidence did not conclusively show that the danger was known to appellee.    His testimony was to the contrary.    True, he knew that the mare he was driving was afraid to pass between the cars, but it does not follow from this that he knew it to be dangerous to urge her forward.    If he believed and had good reason to believe, as some of the evidence tended to prove, that the mare was of a gentle disposition and manageable even when frightened, although mistaken in this, it can hardly be said that he encountered a known danger, or at least that he acted as a person of ordinary prudence would not have done.    A traveler is not required to give up the use of a street in such case, but may assume some risk with impunity, especially where, as here, the situation itself amounts to an invitation to use it.

But it is insisted that, with the situation before him, if appellee can be excused for not anticipating that the mare would run away in spite of his efforts to control her, appellant should also be excused for not contemplating that result.    The explanation of this paradox is perhaps to be found in the differing situations of the parties.    The partial obstruction of the street with a box car in such manner as to frighten horses of gentle or supposed gentle disposition would tend to prove negligence on the part of appellant, and it must be held to have contemplated not only that such horses might become frightened but also that they might become unmanageable and run away, these being the natural consequences of such an act of negligence, or at least a jury might so find.    On the other hand, a traveler on the street whose horse takes fright at such an object may reasonably, but erroneously, conclude that he can safely manage him, and this, too, perhaps, the wrongdoer may be held to have contemplated as a natural consequence of his act of negligence.    In the nature of things no one can know what a frightened horse will do, and if the condition of fright is brought about by

the negligence of another, the person using the horse, if he acts with reasonable prudence, should not be denied recovery merely because he made a mistake in supposing that he could control him notwithstanding the condition of fright, and persisted in going forward on his journey, instead of turning back and pursuing a different route, as appellant insists appellee should have done. Each of these features was present in some of the cases cited above, in which recoveries were sustained.

It is next insisted that the evidence did not warrant the verdict, but we find that it tended to prove and warranted the jury in finding, (1) that appellant was guilty of negligence in leaving the car in the street; (2) that this was the proximate cause of the runaway, and (3) that appellee was not guilty of contributory negligence—either in driving a wild horse or in acting on the assumption that he could control the animal. The charge submitting these issues we approve and also the action of the court in refusing numerous special charges. The charge principally objected to was the following: "And on the issue of contributory negligence you are instructed that unless contributory negligence is made to appear from the evidence of plaintiff and his witnesses, the burden is on the defendant to establish the defense of contributory negligence." But we think the court had authority for this charge in Texas & Pac. Ry. v. Reed, 88 Texas, 447.

This brings us to the question of the measure of damages, and here we are constrained by opinion in International & G. N. Ry. Co. v. Butcher, 98 Texas, 462, which seems distinctly in point, to hold that the following charge is subject to the objection that it authorized the recovery of double damages: "If, under the evidence and law in this case, you should find for the plaintiff, you will assess his damages at such a sum of money, paid now, as you believe from the evidence will compensate him for the physical pain and mental suffering you find that he has undergone because of said injury. And also at such a sum of money as you believe from the evidence to be the reasonable value of plaintiff's services during the time he was confined to his bed and room and was totally disabled from work on account of said injuries. And also at such a sum of money as will reasonably compensate the plaintiff for his diminished capacity to earn money, if any, and also at such sum of money as you believe from the evidence the plaintiff has necessarily expended for drugs, medicine and doctors' bills because of said injury, if you find said doctor's bill a reasonable charge for the services necessarily rendered."

This charge in terms directed the jury, not simply what to consider in assessing the damages, but to assess the damages so as to compensate appellee for the reasonable value of his "services during the time he was confined to his bed and room and was totally disabled from work on account of said injuries," and also at such sum of money as would reasonably compensate him for his "diminished capacity to earn money," without limiting the latter clause of the charge to the time succeeding the period of his confinement and total disability, which was alleged in the amended petition, on which the case was tried, to be seven months of the reasonable value of seven hundred and fifty dollars. We have no doubt the district judge meant to exclude this period and it may be that the jury placed that construction on the charge, but it must also be con-

ceded that the language admitted of a different construction. In view of this and of the opinion so much in point in the late case above cited, we sustain the assignment complaining of this charge, and also the assignment complaining of that part of the charge quoted in which the sum of money expended for drugs was submitted as an item of recovery, there being no evidence that the amount claimed, seventy-five dollars, was reasonable. However, we are of opinion that these errors may be cured by remittitur of the aggregate sum of these two items, to wit, eight hundred and twenty-five dollars, and if within twenty days appellee shall file such remittitur the judgment will be reformed and affirmed accordingly, with costs of appeal taxed against him; otherwise the judgment will be reversed and the cause remanded for a new trial.

*Affirmed on remittitur.*

Chief Justice Conner not sitting.

Writ of error refused.