In this case the jury under a substantially proper general charge of the court, supplemented by several special charges given at the instance of the defendant, fairly submitting the law of the case, found that plaintiff's injuries were proximately caused by defendant's negligence in the construction and maintenance of a certain street crossing and roadway over Shepard Street in the town of Morgan, Bosque County, Texas, and by further obstructing the free use of said street crossing and roadway by negligently leaving a box car partly on and across said street crossing and roadway.
Appellant here insists that appellee's injuries and the loss and damage resulting therefrom were the result of contributory negligence on the part of appellee, claiming that he failed to exercise ordinary care and prudence that the law devolved upon him, by driving a young, scary and wild horse into a place of known danger. This issue under proper instructions upon all material questions therein involved was submitted to the jury, and we are unable to hold that their finding against defendant is unsupported by a preponderance of evidence.
In the able supplemental brief of counsel for appellant, in attempting to distinguish this case from Ft. Worth R. G. Ry. Co. v. Morris, 45 Texas Civ. App. 596[45 Tex. Civ. App. 596] (which in all material respects is a parallel case), we find the gist of appellant's contention for a reversal of this case thus concisely stated: "Plaintiff is precluded from recovering from the railway company for injury caused by his horse shying at a box car, although it had negligently been permitted to remain at a street crossing, because he attempted voluntarily to drive the horse near the car after he saw that the horse was shying and would shy, it appearing to him at the time to be dangerous to do so." Upon a full examination of the evidence in this case relating to the above proposition, it does not occur to us that upon the question of voluntarily acting upon the knowledge of known danger, this case is distinguishable materially from the Morris case. While in the latter case it does not appear that Morris made an affirmative statement to the effect that he knew of the danger, as the appellee did in this case, we are forced to the conclusion that from the circumstances necessarily observed by Morris and occurring at the time that he drove into the place of danger, he must and did know of the danger connected with attempting to use the crossing at that time. The appellee Randall in this case, after admitting that he knew that it was dangerous to attempt to cross the road under the circumstances surrounding, on redirect examination further stated, however, "the horse that I was driving would sometimes shy, but no more than the old, gentle horse I am now driving. At the time I undertook to cross, and knowing the horse as I did, and seeing the situation, I did not expect this horse to shy and run off of this road crossing."
On a review of the authorities we are not inclined to hold, even if the facts in this case warranted its application, that appellant's above quoted *Page 252 
proposition is a correct statement of the law of contributory negligence in acting upon known danger. This court, in opinion rendered by Chief Justice Conner at this term in the case of the Chicago, Rock Island Pacific Ry. Co. v. Mrs. Kate Shannon (50 Texas Civ. App. 194[50 Tex. Civ. App. 194]), held that it was not error upon the part of the trial court to refuse to give the following special instruction: "You are instructed that if you find the injured party, Vernon Oliver, knew that it was dangerous to board a moving train, and that this was the cause of the injury received by him, you are instructed to find a verdict in favor of the defendant." The testimony of said Oliver upon the issue presented by the charge refused was as follows: "I know it is more or less dangerous to attempt to get on a moving train; I know that the faster it is going the more dangerous it is. Assuming it to be true that this train was coming from fifteen to twenty miles an hour, I know it would be very dangerous. If it had been going that rate of speed it would; I know it is very dangerous to attempt to board a train moving fifteen to twenty miles an hour, and I know it is dangerous to attempt to board any moving train." The court observes "that Oliver may have known that it was dangerous in a sense to board the moving train," "yet the evidence quoted does not necessarily constitute negligence. This was for the determination of the jury. In other words, the jury under all of the evidence could well conclude that a person of ordinary care and prudence would have attempted to board the train under the same circumstances rather than to abandon the journey. It hence would have been error to have taken this issue from the jury, as in effect sought by the special charge quoted. See Gulf, C. S. F. Ry. Co. v. Gascamp, 69 Tex. 545. And, while Oliver used the language quoted in the course of his examination as a witness, we do not think it is sufficient to overturn the verdict, when considered in the light of all of his testimony."
In the case of the Gulf, Colorado Santa Fe Ry. Co. v. Grisom, 36 Texas Civ. App. 630[36 Tex. Civ. App. 630], Associate Justice Speer of this court rendering the opinion, the plaintiff, not an employe, was injured while attempting to pass between two cars of a train by the moving of the train, the court holding the mere fact that the plaintiff knew the danger incident to his act did not prevent a recovery, this issue being expressly made by the appellant's requesting the following special charge, which was refused: "If you find from the evidence that plaintiff, Ollie Grisom, knew of the danger incident to climbing between cars just prior to and at the time he attempted to climb between the same, you will find for the defendant." This court held that the refusal of the trial court to give said charge was not error, observing that "it is not the law in a case of this character that a plaintiff who has received injuries through the negligence of a defendant can not recover merely because he knew there was some danger incident to the act through which he was injured," citing Gulf, C. S. F. Ry. Co. v. Gascamp, 69 Tex. 545; Chicago N.W. Ry. Co. v. Prescott, 59 Fed. Rep., 237, 23 L. R. A., 654. As indicated above, we conclude that the trial court did not err in refusing to give a peremptory instruction to the jury to return a verdict in favor of the defendant.
We think that the evidence complained of in appellant's fourth, fifth and sixth assignments of error, relating to the removal of the car shortly after the accident occurred, was properly admitted, one of the material *Page 253 
issues of the case being whether this car was standing in the street or on the crossing at the time of the injury, and the time at which different witnesses saw said car varying, said evidence was necessary and explanatory on the above referred to issue.
We think the court properly rejected and refused to admit the evidence offered by appellant as to the crossing in this case being such crossing as is in common use throughout the State where public highways and streets cross railroads in towns the size of Morgan. We regard this evidence as immaterial. If other crossings were negligently maintained the appellant could not relieve itself of liability on that ground. It was a question of fact for the jury as to whether or not this particular crossing was negligently maintained. Railway companies must obey the requisites of Revised Statutes, article 4426. Ordinary care is not sufficient. Besides, this was a public crossing maintained by the public and recognized by this appellant for more than twenty years. Appellee had the right to the unobstructed use of it, and was not compelled to cross or try to cross at some other crossing. (International G. N. R. Co. v. Haddox, 36 Texas Civ. App. 385[36 Tex. Civ. App. 385]; International G. N. R. Co. v. Butcher, 81 S.W. 819; Pecos 
N. T. Ry. Co. v. Bowman, 34 Texas Civ. App. 98[34 Tex. Civ. App. 98].)
We are of the opinion that appellant's ninth, tenth, eleventh and twelfth assignments present no reversible error, and that the general charge, together with the special charges asked by defendant and given, adequately submitted the law on all the phases of the case. Judgment affirmed.
Affirmed.