## TEMPLE LUMBER CO. v. LIVING et ux. (No. 8886.)*

(Court of Civil Appeals of Texas. Galveston. Dec. 14, 1926. Rehearing Denied Jan. 6, 1927.)

1. Automobiles ⚍244(36)—Finding failure of truck driver to sound warning was proximate cause of child's injury by trailer held sustained by evidence.

In action by parents for death of 5 year old child, struck by trailer attached to rear of moving truck, finding of jury that truck driver's negligence in failing to give warning was proximate cause of death held sustained by evidence, which showed trailer was swaying from side to side, and truck was going at high rate of speed, as jury could infer child would, if warned, have gone far enough from center of roadway to avoid accident.

2. Automobiles ⚍201(1)—Bouncing of trailer injuring child held not intervening cause, breaking causal connection between truck driver's failure to sound warning and injury.

In action by parents for truck driver's negligence in causing death of 5 year old child, struck by trailer after child had got out of truck's way, bouncing of trailer to side of roadway, after striking rut could not be considered as independent intervening cause which broke causal connection between truck driver's failure to sound warning and death of child.

3. Automobiles ⚍244(7)—Finding of truck driver's negligence in failing to keep lookout for children held sustained.

In action for wrongful death of 5 year old child, struck by trailer on truck, finding of jury that driver was negligent in failing to keep proper lookout for children seen to leave road ahead of him held sustained by evidence.

4. Appeal and error ⚍1071(6)—In action for death of child, finding that truck driver drove on wrong side of street held immaterial, where negligence was otherwise found.

That truck driver was not driving on wrong side of street, as found by jury, held immaterial, in action for wrongful death of child struck by trailer, where negligence in other respects was also found to exist.

5. Automobiles ⚍245(74)—Evidence held insufficient to present issue of contributory negligence of 5 year old child struck by trailer on truck.

In parents' action for death of 4 years and 9 months old child, struck by trailer on truck as it bounced from rut in road, refusal to submit issue of contributory negligence held not error.

6. Death ⚍77—Evidence held to sustain finding as to reasonableness of funeral expenses.

In action for death of child, pleading of damages by way of funeral expenses of $150 and undertaker's testimony held to warrant court's finding that expenses of $143.45 were reasonable and necessary.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Action by Andrew Living and wife against the Temple Lumber Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Vinson, Elkins, Sweeton & Weems, C. M. Hightower, and E. D. Adams, all of Houston, for appellant.

Fred L. Perkins, W. M. Johnson, and Earle Adams, Jr., all of Houston, for appellees.

---

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused February 16, 1927.

PLEASANTS, C. J.  This suit was brought by appellees against the appellant to recover damages for injury sustained by them in the loss of their minor son, Alcie, who was killed by being struck by an automobile truck owned by appellant and driven by one of its employees.

Among other grounds of negligence upon which the liability of the lumber company is predicated, the petition alleges the following: (1) The negligence of the driver of the truck in failing to sound any warning or give the deceased any notice of the approach of the truck; (2) the failure of the driver to keep a proper lookout for deceased; and (3) driving the truck on the left-hand side of the street.

The appellant answered by general demurrer, general denial, plea of contributory negligence, and plea of unavoidable accident.

The trial, in the court below with a jury, resulted in a verdict and judgment in favor of appellees for the sum of $2,143.75.

The case was submitted to the jury upon special issues, and, in response to the questions propounded by the court, the jury found that the driver of the truck was negligent in each of the particulars above stated, and that each of these acts of negligence was a proximate cause of the death of plaintiffs' child, and that the death of the child was not the result of an unavoidable accident.

The evidence shows that Alcie Living, the minor child of appellees, who was less than 5 years old at the time of his death, was struck and killed by a truck belonging to appellant and driven by its employee, Hilliard Bell.  The killing of the child occurred in the following manner:  Alcie, his brother, Nathaniel, and two other boys named Thompson were walking west along a street in a residence section of the city of Houston, returning to their home, when the truck with a trailer attached, and going at considerable speed, approached them from the rear.  No warning of the approach of the truck was given by the driver, and it was not discovered by the boys until it was within 20 feet of them.  One of the Thompson boys first saw the truck and gave warning to the others, who all ran from the shelled roadway in the center of the street along which they were walking to the side of the street.  Alcie ran to the south side and the other boys to the north side of the street.  They all reached a place of safety except Alcie, the youngest of them.  He got out of the shelled roadway and stopped on the grass on the side of the roadway, where he turned to look.  The truck passed him, but the trailer bounced out of the rut in the roadway, struck him down, passed over him and caused his death.  The driver did not see the trailer strike the boy, but heard the cries of the other boys, and stopped the truck in a short distance from the place at which the child was killed.  He testified that he stopped the truck within a distance of 25 feet.  When the truck stopped it was not facing directly down the street, but diagonally across the roadway in the center of the street; the head of the truck being near the north side of the roadway and the trailer on the grass on the south side.  The shelled roadway in the center of the street was 10 or 12 feet wide, and there was grass in the street on either side of this roadway.

Under appropriate assignments and propositions, appellant assails this judgment, on the ground that the negligence of the driver in failing to give warning of the approach of the truck was shown by the undisputed evidence not to have been the proximate cause of the death of the child, and, there being no evidence to sustain the findings of the jury that the driver was negligent in not keeping a proper lookout for the child and in driving the truck on the wrong side of the street, the verdict of the jury and the judgment based thereon must be set aside.  The judgment is further assailed because of the failure of the trial court to submit to the jury the questions of contributory negligence of the deceased and of appellees.  That portion of the judgment awarding appellees recovery of the expenses incurred by them in the burial of their child is also attacked, on the ground that appellees failed to plead that the amounts so claimed by them were reasonable.

Appellant complains of the finding of the jury upon the grounds above stated under separate assignments of error and separate propositions, as required by the rules, but, in disposing of the questions raised, we deem it unnecessary to so articulate them.

[1] We cannot agree with appellant's contention that the negligence of the driver in failing to give warning of the approach of the truck was not a proximate cause of the death of plaintiffs' child.  As before shown, the truck was discovered in time for the deceased to get to the side of the road and avoid being struck by the truck, but he did not get far enough to escape the trailer, which, because of its lightness and the roughness of the roadway, and the speed of the truck, which was not slackened upon the discovery of the presence of the children, was caused to lurch or bounce to the side of the roadway.  It seems to us, under the circumstances shown by the evidence, that the striking of the child by the trailer might have been reasonably anticipated as a probable result of the failure to warn him of its approach.

The brother of the deceased testified:

"With reference to the condition of the road there, whether it is smooth or rough or full of chug holes, it is rough.  I know what part of the truck hit Alcie.  It was the trailer.  I know how that trailer was going.  It was going wobbling from one side to the other side of the road, and Alcie ran out of the road too.  I erence to speed, the truck was going very fast.  When I first saw the truck, I did not hear any

warnings of any kind, but I heard somebody holler. I don't know who it was that hollered. When I heard some one holler, I ran out of the road, and Alcie ran out of the road too. I did not hear a horn on the truck. I know how close Alcie was standing to the side of the road. He was about one step from the road. I was on the right side of the road, and Alcie was on the left-hand side of the road. I know how wide that road is from edge of the grass on one side to the grass on the other side. It is about five steps, my steps. I said it was five steps. I know about what is the width of a car or an automobile. I don't know how close the truck drove to the side of the road that Alcie was on. I know there was a hole or rut close to where Alcie was. The truck did not drive around it; it went in it. I was the first one that got to Alcie after the truck hit him. I saw where he was hurt. He was hurt on his head."

[2] The striking of the rut and the bouncing of the trailer to the side of the roadway cannot, in the circumstances shown by the evidence, be regarded as an independent intervening cause of the accident severing the causal connection between the failure to give warning of the approach of the truck and the striking of the deceased by the trailer. It is a reasonable inference from the evidence that, if the child had been warned of the approach of the truck before it was so nearly upon him, he would have gotten further from the roadway and escaped being struck by the "wobbling," "bouncing" trailer. The driver knew of the condition of the roadway and of the tendency of a trailer, at the speed he was going, to "wobble" and lurch to the side of the road, and should have anticipated, as a reasonable and probable result of his failure to give warning to persons on the roadway in ample time for them to get far enough from the roadway to avoid injury from the trailer, that such injury might occur.

[3] We also think the finding of the jury that the driver was negligent in failing to keep a proper lookout for the deceased is sustained by the evidence. He testified that he saw the children run to the side of the road when he was 75 feet distant from the place of the accident. He further says:

"I watched them until they got on the grass, and I passed on and paid no further attention to them until I heard them holler. I kept my eyes to the front."

Under this evidence the jury were authorized to find that ordinary care on the part of the driver required him to keep his eyes on the children and not rush by them with his truck and wobbling trailer without paying any attention to how near they might be to the roadway.

[4] In so far as the third finding of negligence is concerned, we agree with appellant that it is not sustained by the evidence. But this finding is immaterial, in view of our conclusions above stated upon the other grounds of negligence found by the jury.

[5] The trial court did not err in refusing to submit the issue of contributory negligence on the part of the deceased. The undisputed evidence shows that the child was only 4 years and 9 months old at the time of his death. His mother testified that he was a very smart child, and that he would run errands for her, but that she did not often send him on the street on errands. The father testified that the child was like an ordinary child. As before stated, the evidence shows that, as soon as the approach of the truck was discovered, he ran to the side of the street to escape from the impending danger, and that he stopped and turned when he reached a point 3 feet beyond the edge of the roadway, and was struck and killed by the trailer. If he had not stopped and turned when he did, he would not have been struck.

William Jackson, a witness for appellant, after testifying that he was near the place of the accident and saw the truck strike the boy, says:

"As the front part of the wheels passed the boys, the little boy swayed into the right of the truck and the hind part of the truck, the two wheels hit him and run over him. I mean by swaying into the right that he came into the truck. I saw the little boy walk into the truck. The truck at that time did not seem to be going over 10 miles per hour."

This evidence might be sufficient to raise the issue of contributory negligence if the deceased had been an adult or an older and more experienced child, but, if a child under 5 years of age could be charged with contributory negligence in any case, it could only be when the evidence in the case established that he knew and realized the dangerous consequence of his conduct. After being caused by the negligence of the driver to flee for his life from the approaching truck, and to be separated from his companions and older brother, the fact that he may have stopped too near the roadway, or may have started to cross to his companions before the trailer had passed, should not charge him with contributory negligence. The rule of decision in this state seems to be that a child 5 years of age cannot be charged with contributory negligence. Ollis v. Railway Company, 31 Tex. Civ. App. 601, 73 S. W. 30; Railway Company v. Rodriguez (Tex. Civ. App.) 133 S. W. 690; Railway Company v. Fletcher, 6 Tex. Civ. App. 736, 26 S. W. 446. Neither the pleadings nor the evidence raises the issue of contributory negligence of the appellees, and the trial court properly refused to submit such issue to the jury.

[6] Plaintiffs' petition contains the following allegations:

"That defendant herein has failed and refuses and still fails and refuses to pay the plaintiffs their damages aforesaid. That plaintiffs herein

have been further damaged by being forced to pay funeral expenses for the burial of said Alcie Living in the sum of $150."

In support of these allegations, the undertaker, who furnished the coffin and performed the burial services, testified:

"I prepared the body for burial. I furnished the casket, the hearse, opening the grave, and transporting the body. The casket cost $35, and the embalming was $25, hearse $25, three cars $18, opening of the grave $16, transporting $10, the burial suit $4.95, and total was $143.-45. I have been in the undertaking business for a year and five months. I know what the usual and customary charges are for furnishing the items that I have mentioned above, and I am acquainted with the prices charged, and the prices charged were the usual and customary prices."

There was no exception to the petition on the ground that it failed to allege the reasonableness of these expenses, and the only objection to the evidence was that it had no pleading to support it.

In addition to the fact findings by the jury, the trial judge found:

"That the expenses incurred by the plaintiffs in the burial of the deceased child, Alcie Living, were $143.45. The court finds that the same was reasonable and necessary in the preparation for and burial of said child. The court further finds from the undisputed evidence in the case that the plaintiffs have contracted and are obligated, bound, and indebted for that sum."

We think both the pleadings and evidence are sufficient to sustain this finding of the court. In the absence of a special exception this pleading should be held sufficient to admit proof of the reasonableness of these burial expenses.

In Railway Company v. Lee, 21 Tex. Civ. App. 174, 51 S. W. 351, 57 S. W. 573, in which case a writ of error was refused by our Supreme Court, it is held that an allegation in a petition that plaintiff, because of the injury caused by the defendant's negligence, had been compelled to expend and become liable for medicine and physician bills to the amount of $125 was, in the absence of a special exception sufficient to admit proof of the reasonableness of these expenses. This holding was again approved and followed by our Supreme Court in the case of Railway Company v. Jones (Tex. Civ. App.) 231 S. W. 824. If the allegation that plaintiff was "compelled" by the negligence of the defendant to incur certain expenses is sufficient to admit proof of the reasonableness of the amount so claimed, it must be held that plaintiffs' allegation in this case that they were forced to incur these expenses was sufficient to admit such proof; the words "compelled" and "forced" having the same primary meaning. This holding finds further support in the cases of Railway Company v. Greb, 63 Tex.

Civ. App. 78, 132 S. W. 490; Railway Company v. Letot (Tex. Civ. App.) 135 S. W. 658; Railway Company v. Bowman, 34 Tex. Civ. App. 98, 78 S. W. 22.

We think the evidence before set out was sufficient to sustain the finding of the court that the amount claimed for these expenses was reasonable. The amount of each item of expense being shown, and the evidence further showing that these were customary and usual charges for such services, the trial court was authorized, in the absence of any evidence to the contrary, to conclude that the charges were reasonable.

We think the judgment should be affirmed, and it has been so ordered.

Affirmed.