THE TEXAS & PACIFIC RAILWAY COMPANY v. MINNIE LEE FLETCHER.

No. 248.

1. **Imputed Negligence — Parent and Child.**— The negligence of the parent in exposing the child to danger can not be imputed to the child, to prevent a recovery for the child's benefit.

2. **Contributory Negligence of Child — Discretion.** — In case of a child suing for damages resulting from injuries inflicted through negligence, the degree of care required of it is that which would be suggested by the discretion of an ordinarily prudent child of the same age under like circumstances.

3. **Same—Case in Judgment.**—In this case a girl, 7 years of age, while being led over a railway trestle under direction of her mother, was knocked off the trestle by a train. In an action for damages for personal injuries sustained by her, prosecuted by her father and next friend for her benefit, it is held, that under the evidence she should not be held guilty of contributory negligence, and that her tender years alone should exempt her from liability for her conduct.

APPEAL from Marion. Tried below before Hon. JOHN L. SHEPPARD.

*W. T. Armistead,* for appellant.—1. The contributory negligence of the mother in this case ought to be imputed to the plaintiff. If the mother of plaintiff voluntarily exposed herself and her daughter to such dangers, from which she might have saved her by the proper and continued use of her senses while upon the track and trestle, then she can not recover. Railway v. Moore, 59 Texas, 68; Hartfield v. Roper, 21 Wend., 615; Stillson v. Railway, 67 Mo., 671.

2. If the plaintiff herself, being seven years old, with instincts and intelligence sufficient to take care of herself, carelessly and voluntarily walked the trestle, and remained thereon in a place of great danger where she knew the train must pass, and failed to get out of the way of the approaching train, which she could have discovered by the proper use of her senses, then she can not recover. Railway v. McLaughlin, 47 Ill., 265; Bish. on Non-Con. Law, sec. 854, note.

3. If Mrs. Fletcher and her daughter, or either of them, in entering upon and remaining upon the railway trestle, were trespassers, then the defendant was not required to keep a lookout for them, and had the right to expect each of them to get out of the way of its engine. Railway v. Lowry, 61 Texas, 146; Mason v. M. P., 6 Am. and Eng. Ry. Cases, 1; 19 Am. and Eng. Ry. Cases, 108.

*Schluter & Ford* and *J. H. Culberson,* for appellee, cited: Railway v. Greenlee, 70 Texas, 530; Hays v. Railway, 70 Texas, 602.

FINLEY, ASSOCIATE JUSTICE.—This is an action for damages on account of personal injuries, prosecuted by W. S. Fletcher, the father and next friend of Minnie Lee Fletcher, a minor, and for her benefit.

The facts of the case are as follows: Minnie Lee Fletcher, at the time she received the injuries complained of, was a little girl 7 years of age. In February, 1891, her mother started to visit a friend, and carried with her her three children, aged respectively 18 months, 4 years, and 7 years; and also carried a negro woman to assist her with the children. The defendant's line of railway was constructed across a stream situated between the residence of Minnie Lee's father and that of the friend whom the mother was going to visit. A trestle about 75 feet long, 12 feet high at the north end, and sloping down to 2½ feet at the south end, spanned the stream, and constituted defendant's main track. Her parents lived south of the trestle, and the friend her mother was going to visit lived north of the trestle. When the water was up there was no other way near at hand of foot travelers crossing this stream, except by going over on the trestle, and it was frequently used by the public for that purpose. On coming to the trestle, Mrs. Fletcher stopped, listened, looked up and down the track for trains, and neither seeing nor hearing any train, she took the youngest child in her arms, the next youngest by the hand, and delivering Minnie Lee into the care of the negro woman, they went upon the trestle to cross the stream. The railway was practically straight at this point, and one could see up and down the track for about half a mile. They proceeded to walk the trestle, the mother carrying one child in her arms and leading another, while the negro woman had Minnie Lee by the hand. The mother reached the end of the trestle and got off; just about

that time a freight train from the south ran upon the negro woman and Minnie Lee, who were about fifteen feet behind Mrs. Fletcher, and knocked them both off the trestle, inflicting injuries upon Minnie Lee. No warning was given of the approach of the train, and the operatives could see the persons on the track for nearly a half-mile. There was a conflict of evidence on this last point stated, but in support of the judgment we have accepted plaintiff's evidence as being true. The train was brought to a stop about 100 feet beyond the point where Minnie Lee was struck. A notice was placed up near the trestle, "Keep off the trestle." The company's servants were guilty of negligence in not stopping the train before it struck Minnie Lee.

*Opinion.*—The case was tried by the court without a jury, and there are no conclusions of fact and law filed by the trial court. There is no assignment of error based upon any ruling of the court; the assignments presented amount merely to an attack upon the evidence as being insufficient to support the judgment.

Appellant contends, that the facts show that the mother was guilty of contributory negligence, and that her negligence should be imputed to the child, and prevent a recovery. If this was a suit by the parent to recover for the value of the services of the child, of which the parent was deprived by reason of the injuries, the proposition would be clearly applicable. But here the suit is for the benefit of the child injured, and the negligent act of the parent in exposing the child to danger is asked to be imputed to the child, and treated as contributory negligence defeating the right of recovery for its benefit. The authorities upon this proposition are not uniform; but we think it now settled in this State, that the negligence of the parent in exposing the child, to danger can not be imputed to the child to prevent a recovery for the child's benefit. Moore v. Railway, 59 Texas, 64; Williams v. Railway, 60 Texas, 205; Tel. Co. v. Höffman, 80 Texas, 422; 1 Shearm. & Redf. on Neg., secs. 71, 72.

It is also asserted that the child herself was guilty of such contributory negligence as should prevent her recovery. In the case of a child suing for damages resulting from injuries inflicted through negligence, the degree of care required of it is that which would be suggested by the discretion of an ordinarily prudent child of the same age under like circumstances. What would be negligence in a grown person might not be negligence in a child. The court or jury trying the case, in determining the issue of contributory negligence, should consider the age, sex, and situation of the child, and not require more care on its part than the "common run" of children of the same age, sex, and under like circumstances would be expected to exercise. 1 Shearm. & Redf. on Neg., sec. 70; Plumby v. Birge, 124 Mass., 57, and authorities above cited.

The evidence in this case fails to impress us that Minnie Lee had suffi-

cient discretion to realize that there was danger from the train, incident to going upon the trestle; and we think under the evidence she should not be held guilty of contributory negligence. Indeed, we think her tender years alone should exempt her from liability for her conduct. Direct Navigation Co. v. Cook, 76 Texas, 358.

The evidence was amply sufficient to warrant the judgment, and it is affirmed.

*Affirmed.*

Delivered March 14, 1894.

Motion for rehearing overruled April 11, 1894.