## St. Louis & San Francisco Railway Company
### v. C. C. Christian.
#### No. 463.

1. **Contributory Negligence—Child of Tender Years.**—The court has not the right to assume that a boy 8 years old is too young to be guilty of contributory negligence in walking upon a railroad track, and such question should be submitted to the jury.

2. **Same—Charge of Court.**—Where there was evidence tending to establish contributory negligence, it was error to charge that if deceased, a boy of 8 years, was killed while on defendant's tracks, and the jury "believed that his death was caused by negligence upon the part of defendant's employes in charge of the train, either in failing to discover him on the track in time to have avoided injuring him, or in failing to use all reasonable means in their power to avoid injuring him," the defendant would be liable; since, if the boy could have been guilty of contributory negligence in walking on the track, then the law presumes that a person so walking upon a track of this kind will leave the same in time to avoid injury from an approaching train of which he has knowledge.

3. **Same.**—So a charge, that "although the jury should find that plaintiff was guilty of contributory negligence in allowing his son to walk on the track, yet if you should find that defendant's employes saw him on the track in time to have avoided the injury by the use of every reasonable means in their power, and if they failed after they saw the boy's danger to use every reasonable means in their power to avoid the injury, then the defendant would be liable, notwithstanding any contributory negligence on the part of plaintiff," was error, as being misleading as to contributory negligence, and as entirely pretermitting such negligence on the part of the boy.

4. **Same.**—The court properly refused a charge to find for defendant if plaintiff consented for his child to walk on the track, since the question as to whether this was negligence or not was for the jury to determine.

APPEAL from Lamar.    Tried below before Hon. E. D. McCLELLAND.

*H. D. McDonald,* for appellant.—1.  The court erred in refusing to charge as follows:  "If you believe from the evidence that deceased voluntarily went upon defendant's track at a place of danger and exposed himself to peril from approaching trains, and that he had the intelligence to appreciate the dangers of the situation, and the discretion to avoid them, then plaintiff can not recover, and you will find for the defendant."   Railway v. Ryon, 70 Texas, 56; Railway v. Smith, 52 Texas, 178; Railway v. Chambers, 73 Texas, 296; Beach on Con. Neg., sec. 202.

2.  If the engineer used due diligence in keeping a lookout ahead of his engine, and as soon as he discovered deceased to be in a position of peril, used every precaution and means in his power to stop his train before it ran onto deceased, the defendant was not liable.   Railway v. Becker, 76 Ill., 25; Haas v. Railway, 41 Wis., 44; Frick. v. Railway, 75 Mo., 595; Pierce on Rys., 330–333; Wood's Ry. Law, 1262–1270.

3.  The court erred in refusing to charge as follows:  "If you believe from the evidence that plaintiff consented for deceased to go upon defendant's track, where he was killed, then plaintiff can not recover, and you will find for defendant."   Williams v. Railway, 60 Texas, 205; Cook v. Nav. Co., 76 Texas, 354; Tel. Co. v. Hoffman, 80 Texas, 420; Dawkins v. Railway, 77 Texas, 232; Bish. on Non-Con. Law, sec. 577; Pierce on Rys., 338; Beach on Con. Neg., sec. 131; Thomp. on Neg., 1181, 1191; Railway v. Snyder, 18 Ohio St., 399; Smith v. Railway, 92 Pa. St., 450; Ewen v. Railway, 38 Wis., 613; Railway v. State, 30 Md., 47; Railway v. Wolfe, 59 Ind., 89; Railway v. Vining, 27 Ind., 513.

*Hill & Birmingham,* for appellee.—1.  The court did not err in refusing the special charge, because the law was given in charge to the jury in the general charge, and the requested charge has no application to infant trespassers.  Railway v. Ryon, 70 Texas, 58, 59; Railway v. O'Donnell, 58 Texas, 27; Railway v. Sympkins, 54 Texas, 615; Railway v. Moore, 59 Texas, 64; Railway v. Smith, 62 Texas, 254, 255.

2.  Although plaintiff permitted the deceased to walk down the track when there was no approaching train in sight, and no apparent danger, and if after that time deceased was run over and killed by appellant's train, and the same was caused by the negligence of defendant's employes, who could have avoided the injury by the use of ordinary diligence, then the negligence of said employes was the proximate cause of the injury, and the doctrine of contributory negligence does not apply.  Railway v. Smith, 52 Texas, 184; Railway v. Smith, 62 Texas, 254; Railway v. Moore, 59 Texas, 64; Railway v. Weisen, 65 Texas, 446; Railway v. Sympkins, 54 Texas, 615; Railway v. Lowery, 61 Texas, 152; Railway v. Matula, 15 S. W. Rep., 573; Street Car

Co. v. Hewitt, 67 Texas, 479; Railway v. Hall, 19 S. W. Rep., 124; Harris on Dam., secs. 437, 438–456; 4 Am. and Eng. Encyc. of Law, 25, 27, 29.

RAINEY, ASSOCIATE JUSTICE.—This is an action for damages brought by appellee against appellant on account of the killing of Tim Christian, appellee's son, a minor, by appellant's train of cars. The petition alleged, that the killing was negligently, willfully, and wantonly done. Judgment was rendered by the trial court for appellee, from which this appeal is taken.

There are various errors assigned, all attacking the charge of the court, or the action of the court in refusing to give special charges asked by appellant. The first is for failing to give the following special charge requested by appellant, to wit:

"If you believe from the evidence that deceased voluntarily went upon defendant's track at a place of danger and exposed himself to peril from approaching trains, and that he had the intelligence to appreciate the dangers of the situation, and the discretion to avoid them, then plaintiff can not recover, and you will find for the defendant."

The court not only refused to give this charge, but failed to give any embodying the same principle. By the failure of the court to charge on this phase of the case, it virtually assumed that the deceased was of such tender years that contributory negligence could not be charged to him, thereby withdrawing that issue from the jury. The defendant pleaded contributory negligence on the part of deceased. The evidence shows deceased to have been a boy 8 years of age, and at the time he was killed he was travelling on a trestle which was a part of defendant's roadbed. There was also evidence as to the boy's capacity to appreciate danger and to avoid the same. The question then arises, has a court a right to assume that a boy 8 years of age is too young to be guilty of contributory negligence; or must that fact be submitted to the jury for their determination? That it is a question for determination by the jury, under appropriate instructions from the court, has been clearly decided by our Supreme Court, as well as by other jurisdictions. No definite age has been prescribed by law at which a child must arrive before it can be charged with contributory negligence. In the case of Evansich v. Railway, 57 Texas, 126, where the father sued to recover for injuries to his 7 years old son, it was held, that "a court can not declare as a matter of law that a child 7 years of age is sui juris, and when from the age of the child there may be doubt upon that question, it should be submitted to the jury." Also see Shearm. & Redf. on Neg., sec. 73; Railway v. Beckler, 76 Ill., 25.

The acts of a child of tender years, however, are not to be measured by the same standard as those of adults. The rule stated in Railway v. Stout, 17 Wallace, 660, has been approved by our Supreme Court, and is as follows: "It is well settled, that the conduct of an infant of tender years is not to be judged by the same rules which govern that of

an adult. While it is the general rule in regard to an adult, that to entitle him to recover damages for an injury resulting from the fault or negligence of another he must himself have been free from such fault, such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to its maturity and capacity only, and this is to be determined in each case by the circumstances of that case." Evansich v. Railway, supra.

The court by its charge utterly ignored this principle, although it was called to its notice by the requested charge of appellant. In failing to give instructions covering this point, the court committed an error which requires a reversal of the judgment.

The fourth paragraph of the court's charge is: "If you believe from the evidence that Tim Christian, plaintiff's minor son, was run over and killed by one of defendant's trains while he was on defendant's track; and if you further so believe that Tim's death was caused by negligence upon the part of the defendant's employe or employes in charge of said train, either in failing to discover Tim on the track in time to have avoided injuring him, or in failing to use all reasonable means in their power to avoid injuring him after he was discovered, then, unless you should find for defendant under instructions hereinafter given, you will return a verdict for plaintiff."

Appellant complains of this charge, and assigns error as follows: "The court erred in paragraph 4 of its charge, in that it assumes that it was the duty of defendant's employes to discover the deceased on the track in time to have avoided injuring him, whether deceased was in a position of peril or not, and because plaintiff's petition does not allege negligence in failing to discover deceased in time to have avoided injuring him, and that said paragraph assumes that it was the duty of defendant's employes to use all reasonable measures in their power to avoid injuring him after he was discovered, whether deceased was in a condition of peril or not; said paragraph exacts a higher degree of diligence and duty than is required by law, and is in direct conflict with paragraph 1 of the charge, wherein defendant's duty is properly defined."

We think this charge is in some respects susceptible to the criticisms urged. It does assume, as contended, that it was the duty of defendant's employes to use all reasonable measures in their power to avoid injuring deceased after he was discovered on the track. This would be correct if deceased had been of such tender years as not to have negligence charged to him, and such was apparent to the servants of defendant. On the other hand, if he was not of such tender years, then the charge was misleading. "The law presumes that a person walking upon a railroad track will leave the same in time to avoid injury from an approaching train of which he has knowledge, or should have by the ordinary use of the senses of hearing and seeing, and the managers of the train may act upon this presumption." Railway v. Garcia, 75 Texas, 583.

It follows, that negligence will not be charged to an employe in the exercise of his calling unless he fails to exercise ordinary care, under such circumstances, when it is discovered that the person does not intend to leave the track.   An engineer might see a person on the track a mile away, but he would be under no obligations to take precautions to prevent any injury to such person, if there was not something to indicate that he would not leave the track in time to prevent being injured.   The charge of the court did not properly instruct the jury, but made the railway company liable absolutely, if the party injured was discovered by the employes in time to have prevented the injury, instead of placing liability on deceased for failure to prevent the injury after it was ascertained that he was in danger.

Objections are made to the eighth paragraph of the charge, for "withdrawing from the jury all consideration of any contributory negligence whatever, if defendant's employes saw deceased on the track in time to have avoided the injury by the use of every reasonable means in their power."

Such paragraph, after instructing the jury to find for defendant if there was contributory negligence on the part of plaintiff in letting his son go upon the track, proceeded as follows: "On the other hand, you are instructed, that although you should find that plaintiff was guilty of contributory negligence in allowing his son to walk on the track, if you should find that the defendant's employes saw him on the track in time to have avoided the injury by the use of every reasonable means in his power, and if he failed after he saw the boy's danger to use every reasonable means in his power to avoid the injury, then the defendant would be liable, notwithstanding any contributory negligence on the part of plaintiff."

This paragraph of the charge is of doubtful construction, and was calculated to confuse the jury in determining under the facts what the rule was as to contributory negligence.   The evidence shows that the plaintiff gave his consent for the deceased to walk on the track of the railroad.   There was testimony tending to show that the engineer could have seen the boy several hundred yards before he was run over, though he testified, that the boy ran upon the track just before the engine struck him, and after he saw him it was impossible to stop the train in time to prevent injuring him, and that he did all he could to stop it after he did see him.   Under these facts it became "necessary for the jury to determine whether the injury resulted from the contributory negligence of the person injured" (or that of plaintiff), "or for the failure of the servants of the company to exercise due care under the circumstances."   Artusy v. Railway, 73 Texas, 195.

Mr. Stayton, Chief Justice, in Railway v. Garcia, supra, in discussing contributory negligence, says: "We understand the rule to be, that contributory negligence on the part of plaintiff defeats his action, if based solely on negligence; but that in determining whether contributory negligence exists in a given case, the age, intelligence, and

capacity of plaintiff must be looked to, as well as his act, or omission, at the time of the accident."

In the case of Railway v. Hewitt, 67 Texas, 480, where a street car ran over a child, Justice Stayton, in discussing the question of contributory negligence, also used the following language: "If a person be seen on the track of either class of railway, it may be assumed, if the person be an adult, that he will leave the track before the train or car reaches him; and this presumption may be indulged so long as danger does not become imminent, but no longer. From the time the danger is seen to be imminent it becomes the duty of such a railway company to use the highest degree of care to arrest it, and a failure to do so will constitute culpable negligence, which may or may not fix liability, as that question may be affected by the contributory negligence of the injured person. No such presumption, however, can be indulged as to the prudent conduct of an infant"—19 months of age.

This question is treated by Justice Gaines in a very able and exhaustive manner in the case of McDonald v. Railway, 86 Texas, 1. He says: "Where the plaintiff's own negligent conduct has contributed to the injury, that is to say, where but for his own negligence the damage would not have occurred, to allow him compensation for his loss would be to compensate him for his own negligent misconduct."

From the authorities above quoted, together with others we have examined on this question, we understand the rule to be, that in cases similar to the one under consideration, when contributory negligence is fairly raised by the evidence, it must be submitted to the jury for their determination, and where it is established that the party injured, or the party seeking to recover, was guilty of contributory negligence, he can not recover if such party has arrived at the age of discretion, unless, after the employes of the railroad discovered the danger of injury to the party was imminent, they failed to use all practical means then in their power to prevent the injury. Under such circumstances, the party is relieved from the consequences of his own negligence. The reason for this, as stated by some authorities, is, "the plaintiff's negligence in such cases becomes the condition, and not the efficient cause of the accident."

It was not error for the court to refuse the special instructions asked by appellant, which in effect instructed the jury to find for defendant if plaintiff consented for the deceased to walk upon the track. Whether such was negligence or not, was a question for determination by the jury, and not by the court.

The other errors assigned are without merit, and their discussion is not necessary for a decision of the case.

For the reasons assigned, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 26, 1894.