GALVESTON ELECTRIC CO. v. HANSEN.
(No. 1057—5267.)

Commission of Appeals of Texas, Section B. April 10, 1929.

Terry, Cavin & Mills, of Galveston, and Joyce Cox, of Dallas, for plaintiff in error.

W. E. Price, of Galveston, for defendant in error.

SPEER, J. The petition for writ of error has been granted to review the decision of the Court of Civil Appeals affirming the judgment of the trial court in a personal injury case wherein defendant in error, a child six years old, was injured by one of plaintiff in error's street cars, while crossing Twenty-First street in the city of Galveston. 7 S.W. (2d) 934.

The trial court submitted two grounds of recovery, the first being:

"I further charge you that it was the duty of the operator of the defendant street car at the time and place in question to use ordinary care to watch for and observe the approach of persons, and especially children such as plaintiff, William Hansen, toward the track on which said car was being operated, and to use ordinary care to prevent striking such persons. Keeping the foregoing definitions and instructions in mind, will you answer the following questions:

"(1) Did the operator of the defendant street car, at the time and place in question, use ordinary care to observe the approach of the plaintiff William Hansen toward the track on which said car was being operated?"

The second issue was:

"I also charge you that it was the duty of the operator of the defendant street car to run and operate said car at the time and place in question at a moderate and careful rate of speed under all the circumstances so that said car might be brought to a stop within a reasonable distance by said operator, should he observe children such as the plaintiff, William Hansen, upon or approaching said track. With this instruction in mind, you will answer the following question:

"Was or was not the operator of defendant street car at the time and place in question operating and running same at a moderate and careful rate of speed under all the circumstances?"

The Court of Civil Appeals held, as to the submission of the last issue, that the instructions accompanying it were violative of the statute which forbids the court in its charge to encroach on the province of the jury—that it was upon the weight of the evidence. But it declined to reverse the judgment, because it further held there was no error in the submission of the first issue and that the verdict on that supported the judgment.

It is, of course, true whatever the error with respect to the second issue if the first issue is unobjectionable, the judgment of the trial court must be sustained upon that ground. But we are of the opinion there was error in the submission of the first issue.

The court is forbidden by statute to comment upon the weight of evidence in his rulings upon admitting the same and likewise, by interpretation of the statutes of instructions, is forbidden to comment upon testimony in the instructions.

It is only where an act is made negli-

gent by statute (Missouri, K. & T. R. Co. v. Saunders, 101 Tex. 255, 106 S. W. 321, 14 L. R. A. [N. S.] 998, 16 Ann. Cas. 1107), or where the facts are such that reasonable minds cannot differ in the conclusion to be drawn therefrom, that the court is justified in telling the jury that the same constitutes negligence. Ordinarily, this rule prevents the court's instructing the jury that it is the duty of one to do or not to do a particular act. This is most usually a question of fact for the jury exclusively. Under these rules it has usually been held to be not error for the court to instruct that it is the duty of a railroad company to exercise ordinary care to discover the presence of persons approaching its tracks at crossings or other places where persons may reasonably be expected. This, in substance, is no more than to say such companies are held by law to the duty of exercising ordinary care to avoid injuring others, and is not within the condemnation that it invades the province of the jury in weighing the evidence.

Now, with respect to the first issue submitted, the court correctly instructed the jury that it was the duty of the operator of the defendant's street car at the time and place in question "to use ordinary care to watch for and observe the approach of persons," and thus far the instruction was well within the decisions. But he added "and especially children, such as plaintiff, William Hansen." That portion of the instruction first quoted imposing the duty to watch for persons approaching the track was broad enough to include, and did necessarily include, the plaintiff. There was no necessity for especially mentioning the plaintiff. We are not prepared to say, however, that the mere mention of the plaintiff was error, but the vice consists in the manner of the reference made by the court. When the court instructed the jury that it was the duty of the operator of the defendant street car to use ordinary care to watch for and observe the approach of persons, he indicated the whole measure of defendant's duty, and when he added thereto "especially children such as plaintiff, William Hansen," he added to the duty of the defendant that which the law does not impose. The duty to exercise that care in the particular under consideration is general and, of course, includes children and all other classes amongst those to be protected; but there is no special duty imposed by statute or decision to keep a lookout for children, even of the tender years of plaintiff in this case. The general duty of watchfulness and care is to be exercised under the circumstances of the particular case, but it is not a special duty owing to any particular class of persons to be protected. The phrase being condemned can have no other meaning than that the company owed a special duty

of exercising ordinary care to avoid injuring a child such as plaintiff. This is not the law, and its effect was calculated seriously to prejudice the rights of the defendant. It was well calculated to indicate to the jury that the defendant owed some special duty, beyond ordinary care to observe other persons, to discover the approach of plaintiff.

For this error the Court of Civil Appeals should also have condemned the charge.

We therefore recommend that the judgment of the Court of Civil Appeals affirming the judgment of the trial court should be reversed, and judgment here rendered reversing the judgment of the trial court and remanding the cause for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.