## SORRENTINO v. McNEILL et al.
### No. 10649.

Court of Civil Appeals of Texas. Galveston.
Nov. 17, 1938.

Rehearing Denied Dec. 22, 1938.

Nussbaum & Piperi, Stewarts, W. N. Zinn, and Byron Economidy, all of Galveston, for appellant.

Lockhart, Hughes & Lockhart, of Galveston (H. C. Hughes, of Galveston, of counsel), for appellees.

GRAVES, Justice.

Appellant's brief thus summarizes the controlling question in this cause: "The main proposition on this appeal is whether a child under 7 years of age can under any circumstances be guilty of contributory negligence. The jury found John Sorrentino, Jr., who at the time of the collision was 6 years of age, guilty of contributory negligence. Under Article 2211, as amended in 1931 [Vernon's Ann. Civ.St. art. 2211], plaintiff moved for judgment notwithstanding the verdict, urging as a ground therefor that a child under the age of 7 years, as a matter of law, cannot be held guilty of contributory negligence."

The child sought damages for personal injuries resulting from his having suddenly run into the street and collided with the appellee's automobile, without first ascertaining whether there was any danger from approaching vehicles, and, in connection with other special issues, the learned trial court submitted this one to the jury, touching the quality of the child's act in having so done:

"Special Issue No. 23.

"Do you find from a preponderance of the evidence that John Sorrentino, Jr., in so running out into the street, if you have so found, was guilty of contributory negligence as that term is defined below?

"Instead of answering 'Yes' or 'No', let the form of your answer be 'He was guilty

of contributory negligence' or 'He was not guilty of contributory negligence.'

"'Contributory Negligence' Defined.

"'Contributory negligence' as applied to a minor child of tender years as John Sorrentino, Jr., is the doing of that which an ordinarily prudent person of the age, intelligence, experience, and capacity of such child would not do under the same or similar circumstances, or the failure to do that which an ordinarily prudent person of the age, intelligence, experience, and capacity of such child would do under the same or similar circumstances, and which, either alone or concurring with negligence, if any, on the part of Eldred Sexton, became a proximate cause of the collision, if any."

The jury answered: "He was guilty of contributory negligence."

Thereupon, notwithstanding the verdict had otherwise found that appellee's driver had been at the time negligently driving the car at more than 20 miles per hour within the City of Galveston, which had proximately caused the collision with the boy, who had sustained damages therefrom to the amount of $3,200, the court entered this judgment: "It is therefore on the 16th day of March, 1937, ordered, adjudged and decreed by the Court upon the answers to the issues and upon the law as applied to said issues as hereinabove set out, that the plaintiff, John Sorrentino, Jr., suing by his father as, next friend, John Sorrentino, take nothing by his suit against the defendants, Samuel V. McNeill, doing business as McNeill Motor Company, and Eldred Sexton, and that said defendants go hence without day and recover their costs."

In inveighing here against such adverse determination below, appellant submits this proposition: "The plaintiff, John Sorrentino, Jr., who was barely 6 years of age at the time of the accident, must be held as a matter of law incapable of contributory negligence", supporting it with these, among other authorities:

Texts:

L.R.A.1917F, 49; 20 R.C.L. 127, sec. 106; 5 Texas Law Review, 447; 30 Tex. Jur. 884.

Texas Cases:

City of Brownwood v. Anderson, Tex. Civ.App., 92 S.W.2d 325; Fort Worth & D. C. Ry. Co. v. Wininger, Tex.Civ.App., 151 S.W. 586; Galveston Electric Co. v. Hansen, Tex.Civ.App., 7 S.W.2d 934; Reversed, Tex.Com.App., 15 S.W.2d 1022; Galveston, H. & N. Ry. Co. v. Olds, Tex. Civ.App., 112 S.W. 787; Gulf·C. & S. F. Ry. Co. v. McWhirter, 77 Tex. 356, at page 359, 14 S.W. 26, 19 Am.St.Rep. 755; Gulf Production Co. v. Quisenberry, 128 Tex. 347, 97 S.W.2d 166, reversed and remanded on appeal, Tex.Civ.App., 63 S.W.2d 248; Johns v. Fort Worth P. & L. Co., Tex. Civ.App., 30 S.W.2d 549, at page 557; Karotkin Furniture Co. v. Decker, Tex. Civ.App., 32 S.W.2d 703, affirmed, Tex. Com.App., 50 S.W.2d 795; Mexican Central Ry. Co. v. Rodriguez, Tex.Civ.App., 133 S.W. 690; Ollis v. Houston, etc. R. Co., 31 Tex.Civ.App. 601, 73 S.W. 30; St. Louis Southwestern Ry. Co. v. Shiflet, 94 Tex. 131, at 139, 58 S.W. 945; Temple Lumber Co. v. Living, Tex.Civ.App., 289 S.W. 746, 748; Texas & N. O. Ry. Co. v. Brouillette, 61 Tex.Civ.App. 619, 130 S.W. 886; Texas & Pacific Ry. Co. v. Fletcher, 6 Tex.Civ.App. 736, 26 S.W. 446.

Cases in Other Jurisdictions:

United States—McDermott v. Severe, 202 U.S. 600, 26 S.Ct. 709, 50 L.Ed. 1162.

Alabama—Mobile Light & R. Co. v. Cicholas, 1936, 232 Ala. 213, 167 So. 298.

Illinois—Maskaliunas v. Chicago, etc., R. Co., 1925. 318 Ill. 142, 149 N.E. 23.

Indiana—Terre Haute, Indianapolis & Eastern Traction Co. v. McDermott, 1924, ·82 Ind.App. 134, 144 N.E. 620.

Iowa—Flickinger v. Phillips, 1936, 221 Iowa 837, 267 N.W. 101.

Kentucky—Tupman's Adm'r v. Schmidt, 200 Ky. 88, 254 S.W. 199.

The appellee, upon the other hand, meets such contentions squarely with this counter proposition: "The Texas courts are committed to the Massachusetts rule that there is no particular age other, of course, than infants of three years or less, when a minor cannot be guilty of contributory negligence as a matter of law, but that the question of contributory negligence of minors is controlled entirely by the doing of that which an ordinarily prudent person of the age, intelligence, experience and capacity, of such child would do under the same or similar circumstances, and that the question of such contributory negligence is always one for the consideration of a jury under the facts of each particular case."

He, in turn, relies chiefly ·upon these authorities: Evansich v. G. C. & S. F. Ry. Co., 57 Tex. 126, at pages 128-9, 44 Am.

Rep. 586; Houston & T. C. R. Co. v. Simpson, 60 Tex. 103, at page 106; Galveston, H. & H. R. Co. v. Moore, 59 Tex. 64 to page 67, 46 Am.Rep. 265; Missouri, K. & T. Ry. Co. v. Rodgers, 89 Tex. 675, 36 S. W. 243; Gulf Production Co. v. Quisenberry, 128 Tex. 347, 97 S.W.2d 166, at page 168; Mexican Central Ry. Co. v. Rodriguez, Tex.Civ.App., 133 S.W. 690; Dr. Pepper Bottling Co. v. Rainboldt, Tex. Civ.App., 66 S.W.2d 496; Yellow Cab & Baggage Co. v. Smith, Tex.Civ.App., 30 S.W.2d 697; Texas & N. O. Ry. Co. v. Spencer, Tex.Civ.App., 244 S.W. 1089; St. Louis & S. F. Co. v. Christian, 8 Tex. Civ.App. 246, 27 S.W. 932; Duron v. Beaumont Iron Works, Tex.Com.App., 7 S.W. 2d 867, at page 872; Dudley & Orr v. Hawkins, Tex.Civ.App., 183 S.W. 779; Texas & P. Ry. Co. v. Fletcher, 6 Tex. Civ.App. 736, 26 S.W. 446; Northern Texas Traction Co. v. Thetford, Tex.Com. App., 44 S.W.2d 902, at pages 903, 904; Washington & Georgetown R. R. Co. v. Gladmon, 82 U.S. 401, 15 Wall. 401, 21 L.Ed. 114; L.R.A.1917F, pages 60, 61, 62.

■ While the matter may not be entirely free from doubt, this court sustains the appellee's position, and affirms the judgment; it seems to it that this annotation upon this controversy, to be found in Eckhardt v. Hanson, 196 Minn. 270, 264 N.W. 776, 107 A.L.R. 1, correctly epitomizes the general state of the law upon it, and that the appellee's citations, supra, clearly show that our Texas courts, especially the Supreme Court, have adopted and followed the so-called "Massachusetts Rule", rather than the "Illinois Rule", as frankly depended upon by the appellant, to-wit [page 777]:

"This appeal squarely raises the question of whether a child under seven years of age can ever be guilty of contributory negligence. Under the so-called Illinois rule (which is analogous to the common-law rule with respect to the nonresponsibility of such young children for criminal acts), it is held that a child under seven is incapable of contributory negligence. [Authorities cited.]

■ "This rule has the merit of being easy to apply. However, it is arbitrary and always open to the objection that one day's difference in age should not be the dividing line as to whether a child is capable of negligence or not. Courts following the Massachusetts rule hold that the question of contributory negligence of a child under seven years of age is for the jury under proper instructions."

The quoted definition of negligence, as affected the 6-year old child in this instance, accurately tracked the essentials of the "Massachusetts' rule" of law referred to, and, together with issue 23, constituted—under the full evidence heard as to his age and capacity (or the lack of it) to appreciate the dangers of the situation—an admirable submission of the jury issue so made of the question, if it was legally susceptible of that at all.

■ As indicated, this court—notwithstanding its expression the other way in Galveston Electric Co. v. Hanson, Tex. Civ.App., 7 S.W.2d 934, reversed, Tex.Com. App., 15 S.W.2d 1022—not only considers that rule the sounder, better one of the two so compared, but further that it has been authoritatively so declared by our Supreme Court in its cited holdings. The iteration or reiteration of those pronouncements here is not deemed essential. Suffice it to say that, under them, the civil irresponsibility of a young child is not regarded as an invariable concomitant of a certain age—except it be little if any beyond swaddling clothes—to be arbitrarily fixed upon such age alone, but is to be determined as existing or not, from all the applicable circumstances, like any other question of fact.

Affirmed.

MONTEITH, J., participating as Special Commissioner.