NO. 07-05-0170-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 23, 2005



______________________________




IN THE INTEREST OF E.A.F., A CHILD



_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 05-04-06256; HONORABLE CARTER T. SCHILDKNECHT, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Proceeding pro se, appellants Jacob Fehr and Anna Fehr filed a notice of appeal
challenging the trial court's order granting temporary managing conservatorship of their
minor child, E.A.F., to the Texas Department of Family and Protective Services. By letter
dated May 31, 2005, Jacob and Anna were notified that a temporary order for managing
conservatorship is not subject to interlocutory appeal and requested they show cause on
or before June 10, 2005, why the purported appeal should not be dismissed for want of
jurisdiction. Jacob and Anna did not respond.

 This Court is obligated to determine, sua sponte, its jurisdiction to entertain an
appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.-Amarillo 1994, writ denied),
citing New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). 
Section 105.001(e) of the Texas Family Code provides that temporary orders rendered in
a suit affecting the parent-child relationship are not subject to interlocutory appeal. An
order is interlocutory when it determines less than all issues as to all parties thereby leaving
something to be determined and adjudicated by the court in disposing of the parties and
their rights. Kelley v. Kelley, 583 S.W.2d 671, 673 (Tex.Civ. App.-Austin 1979, writ
dism'd). An order addressing temporary conservatorship of a child is interlocutory if it
leaves open the issue of permanent conservatorship and thus, we lack subject matter
jurisdiction over an appeal from such an order. In the Interest of N.J.G., 980 S.W.2d 764,
767 (Tex.App.-San Antonio 1998, no pet.).

 Accordingly, Jacob and Anna's purported appeal is dismissed for want of jurisdiction. 


 Don H. Reavis

 Justice



 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



alk. 
He waited to see which way the driver would go because she had stopped and "was
looking both ways." According to Wright, Kerr, Williams and the children exited the store
about the same time he did and "they kind of went ahead and stepped into the crosswalk."

 Another version of events was presented through the testimony of James Phillips. 
He was also a customer leaving the store. Brown's Suburban passed in front of Phillips 
and was to his right when the accident occurred. He described Kerr's children as running
around inside the store and the parking lot. Just before the accident, he saw D'eVonn jump
out and "curve" around until he "disappeared in front of the Suburban." He did not see any
adults with the children until after the accident. This version was supported by the police
incident report and deposition testimony of Lubbock police officer Anthony Armour based
on his interview with Kerr. He reported that Kerr told him D'eVonn "darted into street and
was run over." Kerr denied making this statement.

 Brown testified she never saw D'eVonn before she struck him with her vehicle. Her
third amended answer alleged the event was an unavoidable accident and not caused by
the negligence of any party. The defense of unavoidable accident was discussed by both
sides during voir dire and opening statements without objection. (3) But Kerr objected when
the proposed jury charge included an unavoidable accident instruction, arguing it was
improper because D'eVonn, at six years old, was beyond the "age of innocence" and
capable of negligence. The trial court overruled the objection and instructed the jury: "An
occurrence may be an 'unavoidable accident,' that is, an event not proximately caused by
the negligence of any party to it." See Comm. on Pattern Jury Charges, State Bar of Tex.,
Texas Pattern Jury Charges - General Negligence & Intentional Personal Torts PJC 3.4
(2003). Brown was the only person whose possible negligence was submitted to the jury. 
The jury unanimously answered "no" to the question asking whether her negligence, if any,
proximately caused the occurrence. 

 Kerr now presents a single issue assigning error to the submission of the
unavoidable accident instruction. We review a trial court's decision to submit a jury
instruction for abuse of discretion. McWilliams v. Masterson, 112 S.W.3d 314, 317
(Tex.App.-Amarillo 2003, pet. denied). A trial court does not abuse its discretion in
submitting an instruction if there is any support in the evidence for it. Louisiana-Pacific
Corp. v. Knighten, 976 S.W.2d 674, 676 (Tex. 1998); Tex. R. Civ. P. 277, 278. 

 Unavoidable accident is among the inferential rebuttal jury instructions recognized
by Texas courts. Dillard v. Tex. Elec. Coop., 157 S.W.3d 429, 432 (Tex. 2005);
Yarborough v. Berner, 467 S.W.2d 188, 191 (Tex. 1971); Galveston, H. & S.A. Ry. Co. v.
Washington, 63 S.W. 534, 537, 94 Tex. 510 (Tex. 1901). Our supreme court has said the
instruction ordinarily applies when there is evidence an occurrence was caused by a factor
such as adverse weather conditions, wet or slick pavement, or obstruction of view, or to
resolve a case involving a very young child who is legally incapable of negligence. Dillard,
157 S.W.3d at 430; Yarborough, 467 S.W.2d at 191. 

 Kerr does not contend there was a complete absence of evidence supporting
Brown's theory that the accident was a result of D'eVonn's running into the crosswalk. 
Relying on Yarborough, she takes the position the instruction was appropriate only if
D'eVonn was legally incapable of negligence and, because he was about six years and
three months of age, he was not too young to be capable of negligence. 

 In Yarborough, a child four years, ten months old was struck by a car on a beach. 
467 S.W.2d at 189. There was evidence he "darted out" in front of the car. Id. Concluding
the child was incapable of exercising the qualities necessary to perceive the risk, the court
found the trial court properly denied special issues on the child's contributory negligence,
but did err in refusing to give an unavoidable accident instruction. Id. at 190-91. The court
noted the common-law rule that a child under the age of seven was, as a matter of law,
incapable of negligence was modified by Sorrentino v. McNeill, 122 S.W.2d 723
(Tex.Civ.App.-Galveston 1938, writ ref'd). Discussing the result in Sorrentino, the court
also noted the contributory negligence of the injured six-year-old in that case "was held to
be a jury issue." 467 S.W.2d at 190. Based on that statement and the court's description
of the result in Gulf Production Co. v. Quisenberry, 128 Tex. 347, 97 S.W.2d 166 (1936), (4)
Kerr concludes that a child under five is incapable of negligence, but a five- or six-year-old
is not too young to be capable of negligence, and his conduct thus cannot properly be
made the subject of an unavoidable accident instruction. Kerr's argument effectively
characterizes the holding of Yarborough as substituting a bright line at five years for the
common-law rule that limited the capability for negligent conduct to children over seven. 
We cannot agree with Kerr's conclusion the opinions in Quisenberry, Sorrentino, and
Yarborough establish such a bright line rule. 

 The Sorrentino opinion summarized Texas law to hold that "the civil irresponsibility
of a young child is not regarded as an invariable concomitant of a certain age - except it
be little if any beyond swaddling clothes - to be arbitrarily fixed upon such age alone, but
is to be determined as existing or not, from all the applicable circumstances, like any other
question of fact." 122 S.W.2d at 725. We think Yarborough makes clear that the same
considerations are applicable to a trial court's decision whether to include an unavoidable
accident instruction in the charge when a child's conduct is involved. 467 S.W.2d at 190-91. Assuming that Kerr is correct that the unavoidable accident instruction was appropriate
in this case only if D'eVonn was incapable of negligence, we cannot agree the instruction
was precluded simply because the child was six. We overrule appellant's sole issue and
affirm the trial court's judgment.

 James T. Campbell

 Justice




1. John T. Boyd, Chief Justice (Ret.) and Don H. Reavis, Justice (Ret.), Seventh
Court of Appeals, sitting by assignment. 
2. The Court is following the spelling of Derek D'eVonn Sanders as it appears in the
Certificate of Death. 
3. Kerr's attorney described the defense as applicable when "you are going 40 miles
an hour and a kid darts out right in front of you and you hit the child, then that's an
unavoidable accident because there's no human way possible to see the child and stop in
time to miss the child." Brown's attorney informed the jury during voir dire the court would
instruct them on unavoidable accidents. 
4. The court said "In [Quisenberry] it was held that a jury question was presented as
to whether a five-year-old child was too young to understand and avoid a danger in an
attractive nuisance case." 467 S.W.2d at 190, citing 97 S.W.2d 166. Kerr describes that
statement as holding a five-year-old child is capable of negligence. In its context, the
statement accurately describes Quisenberry as holding a child of that age might be capable
of negligence, depending on the characteristics of the child and the risks involved in the
child's conduct. In Quisenberry, the court was reviewing a directed verdict for the
defendant in a suit for injuries sustained by a child playing on oilfield equipment. In
concluding the case should have been sent to the jury, it commented the plaintiff should
recover if the defendant was negligent and the child was not contributorily negligent "if we
concede that a five year old child was capable of appreciating the danger involved." 97
S.W.2d at 168. The court cited the view expressed in Mexican Cent. R. Co. v. Rodriguez,
133 S.W. 690 (Tex.Civ.App.-El Paso 1911, writ ref'd), that a child of five "certainly" could
not be charged with contributory negligence without evidence of his "realization of danger
as would indicate that the child was conscious of the consequences of its conduct." Id. at
692. Quisenberry's discussion of the issue is consistent with the holding of Sorrentino. Cf.
97 S.W.2d at 168 with Sorrentino, 122 S.W.2d at 725.