NO. 07-05-0043-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 28, 2007
_____

MARIA KERR, INDIVIDUALLY AND AS REPRESENTATIVE OF
DEREK D'EVONN SANDERS, DECEASED, AND AS NEXT FRIEND
OF AVERY SANDERS AND LANCE SANDERS, APPELLANT

V.

LEESA HARTSELL BROWN, APPELLEE
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-525,094; HONORABLE MACKEY K. HANCOCK, JUDGE
_____

Before CAMPBELL, J., and BOYD and REAVIS, S.JJ.[1]


**OPINION**


Maria Kerr brings this appeal from a take-nothing judgment in her suit against

appellee Leesa Hartsell Brown brought after the death of Kerr's son Derek D'eVonn[2]

---

[1] John T. Boyd, Chief Justice (Ret.) and Don H. Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] The Court is following the spelling of Derek D'eVonn Sanders as it appears in the Certificate of Death.

Sanders in a traffic accident. She presents a single issue assigning error to the submission of an unavoidable accident instruction in the jury charge. We affirm.

Six-year-old D'eVonn died as a result of injuries he sustained when the Chevrolet Suburban operated by appellee Brown drove over him in a Lubbock store parking lot. The incident happened just before 9:30 p.m. on a February night as Kerr, her three children, Avery, age 10, Lance, age 8, D'eVonn, and Kerr's friend Katherine Williams left the store. The jury heard different versions of the events leading up to the accident. Kerr testified she was holding D'eVonn's hand as they followed Williams, Avery and Lance across the crosswalk in front of the store. D'eVonn dropped a toy in the crosswalk and stopped to pick it up. The toy was stuck to the ground, requiring more than one attempt to retrieve it. Kerr was one or more steps ahead of D'eVonn and called to him to hurry. Brown drove into the crosswalk without seeing D'eVonn. With Kerr on the driver's side of the Suburban, Brown turned left down a parking aisle, striking D'eVonn with the passenger side of the vehicle and continuing over him with both right tires. Kerr banged on the side of the truck to get Brown's attention, causing her to stop after continuing several more feet. This version of events was supported by the testimony of Andre Wright who witnessed the events from the store side of the crosswalk. He noticed the Suburban before he entered the crosswalk. He waited to see which way the driver would go because she had stopped and "was looking both ways." According to Wright, Kerr, Williams and the children exited the store about the same time he did and "they kind of went ahead and stepped into the crosswalk."

Another version of events was presented through the testimony of James Phillips. He was also a customer leaving the store. Brown's Suburban passed in front of Phillips

2

and was to his right when the accident occurred. He described Kerr's children as running around inside the store and the parking lot. Just before the accident, he saw D'eVonn jump out and "curve" around until he "disappeared in front of the Suburban." He did not see any adults with the children until after the accident. This version was supported by the police incident report and deposition testimony of Lubbock police officer Anthony Armour based on his interview with Kerr. He reported that Kerr told him D'eVonn "darted into street and was run over." Kerr denied making this statement.

Brown testified she never saw D'eVonn before she struck him with her vehicle. Her third amended answer alleged the event was an unavoidable accident and not caused by the negligence of any party. The defense of unavoidable accident was discussed by both sides during voir dire and opening statements without objection.[3] But Kerr objected when the proposed jury charge included an unavoidable accident instruction, arguing it was improper because D'eVonn, at six years old, was beyond the "age of innocence" and capable of negligence. The trial court overruled the objection and instructed the jury: "An occurrence may be an 'unavoidable accident,' that is, an event not proximately caused by the negligence of any party to it." *See* Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges – General Negligence & Intentional Personal Torts PJC 3.4 (2003). Brown was the only person whose possible negligence was submitted to the jury.

---

[3] Kerr's attorney described the defense as applicable when "you are going 40 miles an hour and a kid darts out right in front of you and you hit the child, then that's an unavoidable accident because there's no human way possible to see the child and stop in time to miss the child." Brown's attorney informed the jury during voir dire the court would instruct them on unavoidable accidents.

The jury unanimously answered "no" to the question asking whether her negligence, if any, proximately caused the occurrence.

Kerr now presents a single issue assigning error to the submission of the unavoidable accident instruction. We review a trial court's decision to submit a jury instruction for abuse of discretion. *McWilliams v. Masterson*, 112 S.W.3d 314, 317 (Tex.App.–Amarillo 2003, pet. denied). A trial court does not abuse its discretion in submitting an instruction if there is any support in the evidence for it. *Louisiana-Pacific Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998); Tex. R. Civ. P. 277, 278.

Unavoidable accident is among the inferential rebuttal jury instructions recognized by Texas courts. *Dillard v. Tex. Elec. Coop.*, 157 S.W.3d 429, 432 (Tex. 2005); *Yarborough v. Berner*, 467 S.W.2d 188, 191 (Tex. 1971); *Galveston, H. & S.A. Ry. Co. v. Washington*, 63 S.W. 534, 537, 94 Tex. 510 (Tex. 1901). Our supreme court has said the instruction ordinarily applies when there is evidence an occurrence was caused by a factor such as adverse weather conditions, wet or slick pavement, or obstruction of view, or to resolve a case involving a very young child who is legally incapable of negligence. *Dillard*, 157 S.W.3d at 430; *Yarborough*, 467 S.W.2d at 191.

Kerr does not contend there was a complete absence of evidence supporting Brown's theory that the accident was a result of D'eVonn's running into the crosswalk. Relying on *Yarborough*, she takes the position the instruction was appropriate only if D'eVonn was legally incapable of negligence and, because he was about six years and three months of age, he was not too young to be capable of negligence.

4

In *Yarborough*, a child four years, ten months old was struck by a car on a beach. 467 S.W.2d at 189. There was evidence he "darted out" in front of the car. *Id.* Concluding the child was incapable of exercising the qualities necessary to perceive the risk, the court found the trial court properly denied special issues on the child's contributory negligence, but did err in refusing to give an unavoidable accident instruction. *Id.* at 190-91. The court noted the common-law rule that a child under the age of seven was, as a matter of law, incapable of negligence was modified by *Sorrentino v. McNeill*, 122 S.W.2d 723 (Tex.Civ.App.–Galveston 1938, writ ref'd). Discussing the result in *Sorrentino*, the court also noted the contributory negligence of the injured six-year-old in that case "was held to be a jury issue." 467 S.W.2d at 190. Based on that statement and the court's description of the result in *Gulf Production Co. v. Quisenberry*, 128 Tex. 347, 97 S.W.2d 166 (1936),[4] Kerr concludes that a child under five is incapable of negligence, but a five- or six-year-old is not too young to be capable of negligence, and his conduct thus cannot properly be

---

[4] The court said "In [*Quisenberry*] it was held that a jury question was presented as to whether a five-year-old child was too young to understand and avoid a danger in an attractive nuisance case." 467 S.W.2d at 190, *citing* 97 S.W.2d 166. Kerr describes that statement as holding a five-year-old child is capable of negligence. In its context, the statement accurately describes *Quisenberry* as holding a child of that age might be capable of negligence, depending on the characteristics of the child and the risks involved in the child's conduct. In *Quisenberry*, the court was reviewing a directed verdict for the defendant in a suit for injuries sustained by a child playing on oilfield equipment. In concluding the case should have been sent to the jury, it commented the plaintiff should recover if the defendant was negligent and the child was not contributorily negligent "if we concede that a five year old child was capable of appreciating the danger involved." 97 S.W.2d at 168. The court cited the view expressed in *Mexican Cent. R. Co. v. Rodriguez*, 133 S.W. 690 (Tex.Civ.App.–El Paso 1911, writ ref'd), that a child of five "certainly" could not be charged with contributory negligence without evidence of his "realization of danger as would indicate that the child was conscious of the consequences of its conduct." *Id.* at 692. *Quisenberry*'s discussion of the issue is consistent with the holding of *Sorrentino*. *Cf.* 97 S.W.2d at 168 with *Sorrentino*, 122 S.W.2d at 725.

made the subject of an unavoidable accident instruction. Kerr's argument effectively characterizes the holding of *Yarborough* as substituting a bright line at five years for the common-law rule that limited the capability for negligent conduct to children over seven. We cannot agree with Kerr's conclusion the opinions in *Quisenberry*, *Sorrentino*, and *Yarborough* establish such a bright line rule.

The *Sorrentino* opinion summarized Texas law to hold that "the civil irresponsibility of a young child is not regarded as an invariable concomitant of a certain age – except it be little if any beyond swaddling clothes – to be arbitrarily fixed upon such age alone, but is to be determined as existing or not, from all the applicable circumstances, like any other question of fact." 122 S.W.2d at 725. We think *Yarborough* makes clear that the same considerations are applicable to a trial court's decision whether to include an unavoidable accident instruction in the charge when a child's conduct is involved. 467 S.W.2d at 190-91. Assuming that Kerr is correct that the unavoidable accident instruction was appropriate in this case only if D'eVonn was incapable of negligence, we cannot agree the instruction was precluded simply because the child was six. We overrule appellant's sole issue and affirm the trial court's judgment.

James T. Campbell
Justice

6