**Opinion issued August 20, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00195-CV

———————————

**RITA J. PATTERSON, Appellant**

**V.**

**LANDRY'S SEAFOOD INN & OYSTER BAR-KEMAH D/B/A BABIN'S SEAFOOD HOUSE, Appellee**

———

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 980841**

———

## MEMORANDUM OPINION

Appellant, Rita J. Patterson, sued appellee, Landry's Seafood Inn & Oyster Bar-Kemah *d/b/a* Babin's Seafood House ("Babin's"), under a premises defect theory. Babin's filed a no-evidence motion for summary judgment, and the trial

court granted it, dismissing all of Patterson's claims. Patterson appeals the trial court's grant of summary judgment, arguing that (1) the trial court's grant of no-evidence summary judgment was erroneous because there was more than a scintilla of evidence raising genuine issues of material fact on each element of her claim; and (2) the trial court erred in granting summary judgment by ruling that Patterson's evidence was insufficient to create a fact issue.

We affirm.

## Background

On December 18, 2008, Patterson dined at Babin's Seafood House in Kemah and fell on a set of brick stairs as she was leaving. She sued Babin's for premises liability, alleging that a defect in a brick on the staircase caused her to fall, resulting in injuries that included bruises and scrapes to her knee, hip, and hand.

Babin's moved for no-evidence summary judgment, arguing that Patterson had failed to produce any evidence raising a genuine issue of material fact to support any of the elements of her premises liability cause of action. In her response, Patterson argued that her own deposition testimony presented more than a scintilla of evidence that the dangerous condition—the deteriorated or defective brick—existed long enough to give Babin's a reasonable opportunity to discover it. She also argued that her testimony offered more than a scintilla of evidence to establish causation and damages.

Patterson relied on her deposition and some photographs of the staircase. Patterson described the fall:

> I was coming down the steps, and it's down towards the end part, and I was holding on the rail [running down the center of the staircase] and one of the steps had a pivot, a broken brick, with a hole that was almost to the side, close to the rail, and my heel caught in that hole and I fell.

She also testified that the "brick was moving" and "the little chipped part in it would give in when you stepped on it," so that she "got tripped up on the brick by [her] heel being inside a broken brick." Patterson "fell on [her] right knee and [her] right hip and leg and arm." She also stated that she put her hand out, and, although she could not remember which one, "one of them got hurt." She testified that, as a result of her fall, she had "big bruises, knots" on her hand, knee, and hip and that "[her] hand swelled up, [her] knee swelled up." She stated that she did not speak to anyone at Babin's after her fall.

Patterson stated that, after she left Babin's, she and her husband went to another restaurant named Molly's. As she was leaving Molly's, Patterson fell again because it was dark and she did not see the last step. She fell into a picnic table and "possibly" hit the cement ground. Patterson testified that, as a result of this fall, she suffered a broken nose, a cut on her eyebrow that required stitches, and a black eye.

3

That night, Patterson testified that she was bleeding from the cut over her eye and was in "a lot of pain." She went the emergency room the next morning for treatment. She was treated for the cut over her eye and her broken nose. Doctors also performed x-rays, including an x-ray of her knee, and told her to alternate ice and heat on her hip and knee. She missed one day of work after her accident, then missed several more following surgery to repair her broken nose.

Babin's attorney questioned Patterson about the condition of the staircase at Babin's when she fell. Patterson stated that there was a crack and a hole: "When a brick cracks, it's like cement, and down in the corner here, mortar, the brick-ish stuff kind of gives away and it turns into chalk and it just disintegrates." Patterson "couldn't [estimate the size of the hole] in inches" but it was "possibly" about the size of a penny. Her own attorney also questioned her regarding the condition of the brick:

> [Attorney]: [H]ow long would you say that [the brick that caused the fall has] been in that condition?
>
> [Patterson]: To my estimate, I'd say a good two months or so because like I said, the brick—the—I don't know the exact word that you use, the cement or the mortar or whatever bricks [are] made out [of], it was all crumbly.
>
> [Attorney]: Uh-huh. And would you expect a restaurant to find something like that, you know, in that period of time.
>
> [Patterson]: Yes, sir.

4

Babin's attorney followed up by clarifying that Patterson did not "have any firsthand knowledge that that's the condition the brick's been in." Patterson replied, "No ma'am. That was just a guess." Patterson also testified that she did not have any firsthand knowledge about how long the brick had been in that condition. Patterson also presented two photographs that she testified were photographs of the steps outside Babin's taken by her husband on the day after her fall. However, the photographs included in the record did not clearly demonstrate the alleged defect in the brick.

The trial court granted summary judgment, and this appeal followed.

## Standard of Review

An appellate court reviews de novo the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When the trial court does not specify the grounds for its grant of summary judgment, the reviewing court must affirm the summary judgment if any of the theories presented to the court and preserved for appeal are meritorious. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial.

5

TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the non-movant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

A no-evidence summary judgment is essentially a directed verdict granted before trial; thus, we apply a legal-sufficiency standard of review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) ("[T]he test for legal sufficiency should be the same for summary judgments, directed verdicts, judgment notwithstanding the verdict, and appellate no-evidence review."). Accordingly, a proper no-evidence summary judgment must be affirmed when the record shows one of the following: (1) there is no evidence on the challenged element; (2) the evidence offered to prove the challenged element is no more than a scintilla; (3) the evidence establishes the opposite of the challenged element; or (4) the court is barred by law or the rules of evidence from considering the only evidence offered to prove the challenged element. *Id.* at 810. "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people

6

to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

Evidence does not exceed a scintilla if the trier of fact would have to guess whether a vital fact exists. *City of Keller*, 168 S.W.3d at 813. Circumstantial evidence may be used to establish a material fact, but it "must transcend mere suspicion." *Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001). Evidence that is so slight as to make any inference a guess is in legal effect no evidence. *Id.* at 148; *see also Foreman v. Whitty*, 392 S.W.3d 265, 274 (Tex. App.—San Antonio 2012, no pet.) (holding that evidence that is mere surmise or suspicion does not amount to more than scintilla of evidence and is, therefore, no evidence).

## Premises Defect

When the injured party is an invitee, as here, the elements of a premises defect claim are: (1) that the owner or occupier have actual or constructive knowledge of a condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

"The duty owed by an owner or occupier of a premises to an invitee is not that of an insurer." *Id.* at 101 (citing *Wal–Mart Stores, Inc. v. Gonzalez*, 968

S.W.2d 934, 936 (Tex. 1998)). In other words, the condition is not unreasonably dangerous simply because it is not foolproof. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007). Rather, "the duty owed is to exercise reasonable care to protect against danger from a condition on the land that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover." *Daenen*, 15 S.W.3d at 101. The core of the duty depends on actual or constructive knowledge of a dangerous condition that a reasonable inspection would reveal. *Id.* Thus, an owner or occupier is not liable for deterioration of its premises unless it knew of or by reasonable inspection would have discovered the deterioration. *Id.*

Courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition when determining whether the owner had actual knowledge of the condition. *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008). Alternatively, constructive knowledge can be established by a showing that the condition had existed long enough for the owner or operator to have discovered it upon reasonable inspection. *Daenen*, 15 S.W.3d at 102–03.

Patterson argues on appeal that the trial court's grant of no-evidence summary judgment was erroneous because there was more than a scintilla of evidence raising genuine issues of material fact on each element of her claim and

that the trial court erred in granting summary judgment by ruling that Patterson's evidence was insufficient to create a fact issue. In its no-evidence motion for summary judgment, Babin's argued, in part, that Patterson had presented no evidence that Babin's knew or should have known about a dangerous condition on the brick stairway.

Patterson does not allege that Babin's had actual knowledge of any damage to the bricks on the stairway. Thus, she was required to show that the condition had existed long enough for Babin's to have discovered it upon reasonable inspection. *See Daenen*, 15 S.W.3d at 102–03. Patterson argues that her deposition testimony adequately raised a fact issue because she "testified that the degraded condition of the mortar surrounding the brick indicated the brick had been in a defective state for an extended period of time" and because she "submitted pictures that a jury could use to make their own determination regarding the credibility of Patterson's testimony and the length of time the brick had been broken."

Patterson testified that she fell because the "brick was moving" and "the little chipped part in it would give in when you stepped on it," so that she "got tripped up on the brick by [her] heel being inside a broken brick." She described the crack and hole in the brick: "When a brick cracks, it's like cement, and down in the corner here, mortar, the brick-ish stuff kind of gives away and it turns into

9

chalk and it just disintegrates." Patterson was unable to estimate the size of the hole but agreed that it was "possibly" about the size of a penny. She made an "estimate" that the brick had been in that condition "a good two months or so because like I said, the brick—the—I don't know the exact word that you use, the cement or the mortar or whatever bricks [are] made out [of], it was all crumbly," but she also agreed that this estimate was "just a guess" and that she did not have any firsthand knowledge about how long the brick had been in that condition.

We disagree that this evidence satisfied Patterson's burden to produce more than a scintilla of evidence raising a genuine issue of material fact on the elements specified in the motion. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks*, 206 S.W.3d at 582. Her testimony about the condition of the brick is speculative and indefinite— she testified that the hole was "possibly" the size of a penny and described it only as "crumbly" without being specific regarding its exact condition. Her general statement that "[w]hen a brick cracks, it's like cement, and down in the corner here, mortar, the brick-ish stuff kind of gives away and it turns into chalk and it just disintegrates" does not clearly describe the actual brick she alleged was involved in her fall. Furthermore, Patterson's "estimate" or "guess" that the brick had been damaged "a good two months" was speculative and did not "transcend mere suspicion." *See Lozano*, 52 S.W.3d at 149; *see also Gonzalez*, 968 S.W.2d at 936–37 (holding that plaintiff's testimony that slippery substance "seemed like it

10

had been there a while" was mere speculation and was legally insufficient because it was equally likely that substance had been dropped on floor short time earlier and was contaminated quickly by customer traffic in store). This testimony is not evidence under Texas Rule of Civil Procedure 166a(f). *See* TEX. R. CIV. P. 166a(f) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). Thus, her evidence is so slight as to make any inference that Babin's knew or could have discovered the condition of the brick by reasonable inspection a guess, and thus, it is, in legal effect, no evidence. *See Lozano*, 52 S.W.3d at 148; *Foreman*, 392 S.W.3d at 274.

We conclude that Patterson failed to raise a genuine issue of material fact, and, thus, the trial court did not err in granting Babin's summary judgment. *See City of Keller*, 168 S.W.3d at 823; *Forbes Inc.*, 124 S.W.3d at 172. We overrule her issues on appeal.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle. Justice Sharp concurring in the judgment only.